UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

TIME SQUARE CONSTRUCTION, INC.

           Plaintiff,

           v.

BUILDING AND CONSTRUCTION TRADES
COUNCIL OF GREATER NEW YORK, ENTERPRISE
ASSOCIATION OF STEAMFITTERS LOCAL 638
OF THE UNITED ASSOCIATION, CEMENT AND
CONCRETE WORKERS LOCAL 20 OF THE
LABORERS INTERNATIONAL UNION OF
NORTH AMERICA, UNITED BROTHERHOOD
OF CARPENTERS & JOINERS OF AMERICA LOCAL 608,
LOCAL # 46 METALLIC LATHERS UNION AND
REINFORCING IRONWORKERS OF NEW YORK
AND VICINITY OF THE INTERNATIONAL
ASSOCIATION OF BRIDGE, STRUCTURAL,
ORNAMENTAL AND REINFORCING IRON WORKERS,
INTERNATIONAL UNION OF OPERATING ENGINEERS
LOCAL 14-14B, INTERNATIONAL UNION OF
OPERATING ENGINEERS, LOCAL 15D, AFFILIATED
WITH THE AFL-CIO, LABORERS LOCAL 79, A
CONSTITUENT LOCAL UNION OF THE MASON
TENDERS DISTRICT COUNCIL OF GREATER
NEW YORK, AFFILIATED WITH LABORERS
INTERNATIONAL UNION OF NORTH AMERICA,
MASON TENDERS DISTRICT COUNCIL OF GREATER
NEW YORK, DISTRICT COUNCIL OF NEW YORK CITY
AND VICINITY OF THE UNITED BROTHERHOOD OF
CARPENTERS, JOINERS OF AMERICA, AFL-CIO AND
LOCAL UNION 3, INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS AND TEAMSTERS 282
A/W INTERNATIONAL BROTHERHOOD
OF TEAMSTERS, AFL-CIO,

           Defendants.
------------------------------------------------------------x

07-CV-7403(RJS)(DCF)
ENTERPRISE
ASSOCIATION OF
STEAMFITTERS
LOCAL 638'S
ANSWER TO
COMPLAINT

ORIGINAL FILED via ECF

Defendant **ENTERPRISE ASSOCIATION OF STEAMFITTERS LOCAL UNION 638,** (the "Union" or "Local 638"), by their attorney Richard S. Brook, as and for its Answer to the Complaint of Plaintiff, **TIME SQUARE CONSTRUCTION, INC.** in the above matter alleges as follows:

### Nature of the Action

1. Denies the allegations set forth in Paragraph 1 of the Complaint except avers that Plaintiff, Time Square Construction, Inc. ("Time Square" or "Plaintiff") invokes Section 303 of the Labor Management Relations Act of 1947, 29 U.S.C. §187 ("Section 303") to bring this action.

### Jurisdiction and Venue

2. The allegations set forth in Paragraph 2 of the Complaint constitute conclusions of law to which no response is required.

3. The allegations set forth in Paragraph 3 of the Complaint constitute conclusions of law to which no response is required.

### THE PARTIES

4. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint.

5. Admits the allegations set forth in Paragraph 5 of the Complaint.

6. Admits the allegations set forth in Paragraph 6 of the Complaint.

7. Admits the allegations set forth in Paragraph 7 of the Complaint.

8. Admits the allegations set forth in Paragraph 8 of the Complaint.

9. Admits the allegations set forth in Paragraph 9 of the Complaint.

10. Admits the allegations set forth in Paragraph 10 of the Complaint.

11. Admits the allegations set forth in Paragraph 11 of the Complaint.

12. Admits the allegations set forth in Paragraph 12 of the Complaint.

13. Admits the allegations set forth in Paragraph 13 of the Complaint.

14. Admits the allegations set forth in Paragraph 14 of the Complaint.

15. Admits the allegations set forth in Paragraph 15 of the Complaint.

16. Admits the allegations set forth in Paragraph 16 of the Complaint.

### FACTS

17. Admits the allegations set forth in Paragraph 17 of the Complaint.

18. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint, except admits the allegations of Paragraph 18 of the Complaint with regard to Bay Ridge Mechanical, Inc. ("Bay Ridge Mechanical").

19. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint.

20. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint.

21. Admits the allegations set forth in Paragraph 21 of the Complaint.

22. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint.

23. Denies the allegations set forth in Paragraph 23 of the Complaint.

24. Denies the allegations set forth in Paragraph 24 of the Complaint.

25. Denies the allegations set forth in Paragraph 25 of the Complaint.

26. Denies the allegations set forth in Paragraph 26 of the Complaint, except admits that Local 638 sent a letter to Bay Ridge Mechanical to confirm that Bay Ridge Mechanical did not pay the area standard for sprinkler work.

27. Denies the allegations set forth in Paragraph 27 of the Complaint.

28. Admits the allegations set forth in Paragraph 28 of the Complaint except denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding letters sent to entities other than Local 638.

29. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint.

30. Denies the allegations set forth in Paragraph 30 of the Complaint except avers that Local 638 lawfully handed out handbills protesting Bay Ridge Mechanical's payment of wages and benefits that are not as good as the area standard for such sprinkler work at both entrances of the Eighth Avenue Jobsite ("Project" or "Jobsite").

31. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint except avers that Local 638 discontinued handbilling at the Jobsite in question and avers that it distributed said handbills at numerous other locations.

32. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint.

33. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint.

34. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint.

35. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint.

36. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Complaint.

37. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint.

38. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Complaint.

39. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Complaint.

40. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Complaint.

41 Denies the allegations set forth in Paragraph 41 of the Complaint as to Local 638, denies that Local 638 engaged in any picketing at the Jobsite, and denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 41 of the Complaint.

42. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Complaint.

43. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Complaint.

44. Denies the allegations set forth in Paragraph 44 of the Complaint.

45. Denies the allegations set forth in Paragraph 45 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

46. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

47. Local 638 engaged in limited, lawful area standards handbilling at the Jobsite, which was not in violation of Section 8(b)(4)(B) of the National Labor Relations Act of 1935, 29 U.S.C. §158 (b)(4)(B) and thus did not violate Section 303.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

48. Without conceding that any unlawful action was taken and/or any unlawful statements were made, any actions taken and/or statements made by Local 638 with regard to the Project that are complained of by Plaintiff in the Complaint are protected by the Freedom of Speech and/or Freedom of Assembly provisions of the bill of Rights of the United States Constitution as well as other federal and state laws and therefore Plaintiff fails to state a claim upon which relief can be granted and/or the Court lacks subject matter jurisdiction.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

49. Local 638 did not engage in the conduct or make statements as set forth in the Complaint in violation of 29 U.S.C. §§158(b)(4)(i)(ii)(B), 29 U.S.C. §187, or of any other federal or state law as alleged in the Complaint and therefore the Plaintiff fails to state a claim upon which relief can be granted and/or the Court lacks subject matter jurisdiction.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

50. Without conceding that any unlawful action was taken and/or that any unlawful statements were made, the actions taken and/or statements made that are complained of by Plaintiff were not undertaken or made by officers or agents of or ratified by Local 638. Therefore, the Plaintiff, in whole or in part, fails to state a claim upon which relief can be granted and/or the Court lacks subject matter jurisdiction.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

51. A 303 action is improper as to Local 638 because the alleged unlawful activity was not conducted by or ratified by Local 638.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

52. The Complaint complains of various acts and statements by several defendants, but fails to allege which specific acts or statements were allegedly engaged in or made by Local 638. Therefore, the Complaint fails to adequately state a claim against Local 638.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

53. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or unclean hands.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

54. Plaintiff engaged in a pattern of conduct to mislead and entrap Local 638 with the objective of seeking to create the illusion of unlawful secondary activity.

55. Plaintiff's misconduct includes seeking out Local 638 and soliciting the aid of Local 638 in connection with another project and in intentionally

misleading Local 638 into thinking that Plaintiff had not decided if it would use a contractor for sprinkler work at the Project in question that paid the area standard wages and benefits for such work, when it had secretly awarded such work to Bay Ridge Mechanical.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

56. Plaintiff failed to allege a causal connection between the alleged unlawful activity engaged in by Local 638 and the injury claimed.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

57. Plaintiff failed to set forth the actual loss upon which compensatory damages can be calculated.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

58. Plaintiff failed to mitigate any damages allegedly sustained because of Local 638.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

59. The relief sought in the Complaint is overly broad as against Local 638.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

60. Without conceding that any unlawful action was taken and/or that any unlawful statements were made, to the extent that Plaintiff was damaged by any actions and/or statements alleged in the Complaint, such damage and purported wrongful actions and/or statements, in whole or in part, are not the responsibility of Local 638 or any of its duly authorized agents. Therefore, the Complaint fails to state a claim upon which relief can be granted and/or the Court lacks subject matter jurisdiction.

**WHEREFORE**, Defendant Union respectfully requests that the Complaint herein be dismissed in its entirety, with prejudice.

Dated: Mineola, New York
      September 10, 2007

                                Respectfully submitted:

                                LAW OFFICE OF RICHARD S. BROOK
                                By:    Richard S. Brook, Esq.
                                        RSB3687

                                _____
                                Attorneys for Defendant
                                Enterprise Association of
Of Counsel:                     Steamfitters Local Union 638 of the United Association
      Richard S. Brook           114 Old Country Road, Suite 250
      Patricia E. Palmeri         Mineola, New York 11501
                                       (516) 741-8400

## CERTIFICATE OF SERVICE

<u>Index No.: 07-CV-7403 (RJS)(DCF)</u>

The undersigned attorney hereby certifies that one copy of the within Answer to the Complaint was served this day by depositing a true copy thereof in a post paid wrapper, marked First Class Mail, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Joel E. Cohen, Esq.
McDermott, Will & Emery, LLP
340 Madison Avenue New York, NY 10178
Counsel for Plaintiff

Bruce J. Cooper, Esq.
Michael J. D'Angelo, Esq.
Pitta Dreier, LLP
499 Park Avenue
New York, New York 10022
Counsel for Defendant
Cement & Concrete Workers Local 20 of the Laborers International
Union of North America

Richard H. Markowitz, Esq.
Markowitz & Richman
1100 North American Building
121 S. Broad Street
Philadelphia, PA 19107
Counsel for Defendant
Local 46 Metal Lathers Union of the International Ass'n. of Iron Workers

Norman Rothfeld, Esq.
276 Fifth Avenue,
New York, New York 10001
Counsel for Defendant
Local Union 3, International Brotherhood of Electrical Workers

Carol O'Rourke Pennington, Esq.
Colleran, O'Hara & Mills
1225 Franklin Avenue, Suite 450
Garden City, New York 11530
Counsel for Defendant
Building & Construction Trades Council of Greater New York

_____
Richard S. Brook (RSB3687)

Dated: Mineola, New York
       September 10, 2007