UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TIMES SQUARE CONSTRUCTION, INC.,

                              Plaintiff,

            -against-                                      **ANSWER OF THE**
                                                                          **I.U.O.E. LOCAL 15**

BUILDING AND CONSTRUCTION TRADES COUNCIL
OF GREATER NEW YORK, ENTERPRISE ASSOCIATION    07-CIV-7403 (RJS)
OF STEAMFITTERS LOCAL 638 OF THE UNITED
ASSOCIATION, CEMENT AND CONCRETE WORKERS
LOCAL 20 OF THE LABORERS INTERNATIONAL
UNION OF NORTH AMERICA, UNITED BROTHERHOOD
OF CARPENTERS & JOINERS OF AMERICAL LOCAL
608, LOCAL #46 METALLIC LATHERS UNION AND
REINFORCING IRONWORKERS OF NEW YORK AND
VICINITY OF THE INTERNATIONAL ASSOCIATION
OF BRIDGE, STRUCTURAL, ORNAMENTAL AND
REINFORCING IRON WORKERS, INTERNATIONAL
UNION OF OPERATING ENGINEERS LOCAL 14-14B,
INTERNATIONAL UNION OF OPERATING ENGINEERS
LOCAL 15D, AFFILIATED WITH THE AFL-CIO,
LABORERS LOCAL 79, A CONSTITUENT LOCAL
UNION OF THE MASON TENDERS DISTRICT COUNCIL
OF GREATER NEW YORK, AFFILIATED WITH
LABORERS INTERNATIONAL UNION OF NORTH
AMERICA, MASON TENDERS DISTRICT COUNCIL
OF GREATER NEW YORK, DISTRICT COUNCIL OF
NEW YORK CITY AND VICINITY OF THE UNITED
BROTHERHOOD OF CARPENTERS, JOINERS OF
AMERICA, AFL-CIO AND LOCAL UNION 3, INTER-
NATIONAL BROTHERHOOD OF ELECTRICAL
WORKERS AND TEAMSTERS LOCAL 282 A/W
INTERNATIONAL BROTHERHOOD OF TEAMSTERS,
AFL-CIO,

                              Defendants.
-----------------------------------------------------------------X

       Defendant INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 15, 15A, 15B, 15C & 15D, AFL-CIO ("LOCAL 15") s/h/a INTERNATIONAL UNION OF OPERATING

ENGINEERS LOCAL 15D, AFFILIATED WITH THE AFL-CIO, by its attorneys BRADY McGUIRE & STEINBERG, P.C., hereby answers the Complaint as follows:

1. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of the Complaint, but denies the allegations as to LOCAL 15.

2. Admits that the Plaintiff has alleged jurisdiction under Section 303 of the Labor Management Relations Act of 1947, 29 U.S.C. Section 185, but denies the existence of a valid claim or any violation thereunder by Defendant LOCAL 15.

3. Admits that the United States District Court for the Southern District of New York is an appropriate venue, but denies any actionable claim arising within the Southern District of New York as against Defendant LOCAL 15.

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Complaint.

11. Admits to the truth of the allegations contained in Paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of the Complaint, except admits that there is a construction project located at 785 Third Avenue, New York, New York (the "jobsite").

18. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33 of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36 of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 38 of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 39 of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 40 of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 41 of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 42 of the Complaint.

43. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 43 of the Complaint.

44. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 44 of the Complaint.

45. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 45 of the Complaint.

### AS AND FOR DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

46. The Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

47. The Court lacks subject matter jurisdiction over the Complaint.

### AS AND FOR DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

48. Plaintiff has failed to state its allegations against Defendant LOCAL 15 with the requisite specificity.

### AS AND FOR DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

49. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel and/or unclean hands.

### AS AND FOR DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE

50. Without admitting any action or statements by Defendant LOCAL 15, any alleged action or statement by Defendant LOCAL 15 constitutes protected conduct pursuant to the U.S. Constitution, federal law and/or state law, and is therefore not actionable.

### AS AND FOR DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE

51. The relief requested by the Plaintiff is overbroad and the damages alleged cannot be attributed to Defendant LOCAL 15.

### AS AND FOR DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE

52. The Complaint fails to state a claim for relief against Defendant LOCAL 15 because the Complaint does not allege that acts allegedly attributed to Defendant LOCAL 15 were authorized, ratified and/or undertaken by the officers, agents or every member of Defendant LOCAL 15.

**WHEREFORE**, Defendant LOCAL 15 demands judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action.

Dated: Hastings-on-Hudson, New York
      October 12, 2007

                                         Respectfully submitted,

                                         BRADY McGUIRE & STEINBERG, P.C.

                    By: _____
                                         Matthew G. McGuire (MM-7755)
                                         Attorneys for Defendant I.U.O.E. Local 15
                                         603 Warburton Avenue
                                         Hastings-on-Hudson, New York 10706
                                         (915) 478-4293

TO:    Joel E. Cohen, Esq.
         McDERMOT, WILL & EMERY, LLP
         Attorneys for Plaintiff
         340 Madison Avenue
         New York, New York 10173

         Carol O'Rourke Pennington, Esq.
         COLLERAN, O'HARA & MILLS, LLP
         Attorneys for BCTC
         1225 Franklin Avenue, Suite 450
         Garden City, New York 11530

         Richard S. Brook, Esq.
         LAW OFFICE OF RICHARD S. BROOK
         Attorneys for Enterprise Association of Steamfitters Local 638
         115 Old Country Road, Suite 250
         Mineola, New York 11501

Bruce Jay Cooper, Esq.
PITTA & DREIER, LLP
Attorneys for Cement & Concrete Workers Local 20 of L.I.U.N.A.
499 Park Avenue
New York, New York 10022

Gary Rothman, Esq.
O'DWYER & BERNSTEIN, LLP
Attorneys for United Brotherhood of Carpenters & Joiners Local 608
    and District Council
62 Duane Street, 5th Floor
New York, New York 10007

Richard H. Markowitz, Esq.
MARKOWITZ & RICHMAN
Attorneys for Local No. 46 Metallic Lathers Union & Reinforcing
Ironworkers of New York and Vicinity of the International
Assoc. of Bridge, Structural, Ornamental & Reinforcing
Iron Workers
121 South Broad Street
Philadelphia, Pennsylvania 19107

James M. Steinberg, Esq.
BRADY McGUIRE & STEINBERG, P.C.
Attorneys for Defendant I.U.O.E. Local 14-14B
603 Warburton Avenue
Hastings-on-Hudson, New York 10706

Lowell Peterson, Esq.
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
Attorneys for Laborers Local 79
1350 Broadway, Suite 501
New York, New York 10018

Lowell Peterson, Esq.
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
Attorneys for Mason Tenders District Council of Greater New York
1350 Broadway, Suite 501
New York, New York 10018

Norman Rothfeld, Esq.
GELB & GELB, LLP
Attorneys for I.B.E.W. Local Union 3
276 Fifth Avenue, Suite 806
New York, New York 10001

Bruce Steven Levine, Esq.
COHEN, WEISS AND SIMON, LLP
Attorneys for Teamsters Local 282
330 West 42nd Street
New York, New York 10036