UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
TIME SQUARE CONSTRUCTION, INC.               :
                                             :
                    Plaintiff,               :
                                             :
            v.                               :   07 CIV 07403 (RJS)
                                             :
BUILDING AND CONSTRUCTION TRADES             :
COUNCIL OF GREATER NEW YORK,                 :   **ECF CASE**
ENTERPRISE ASSOCIATION OF                    :
STEAMFITTERS LOCAL 638 OF THE UNITED         :
ASSOCIATION, CEMENT AND CONCRETE             :   **MEMORANDUM OF LAW**
WORKERS LOCAL 20 OF THE LABORERS             :   **IN SUPPORT OF MOTION**
INTERNATIONAL UNION OF NORTH                 :   **FOR LEAVE TO AMEND**
AMERICA, UNITED BROTHERHOOD OF               :
CARPENTERS & JOINERS OF AMERICA LOCAL        :
608, LOCAL #46 METALLIC LATHERS UNION        :
AND REINFORCING IRONWORKERS OF NEW           :
YORK AND VICINITY OF THE                     :
INTERNATIONAL ASSOCIATION OF BRIDGE,         :
STRUCTURAL, ORNAMENTAL AND                   :
REINFORCING IRON WORKERS,                    :
INTERNATIONAL UNION OF OPERATING             :
ENGINEERS LOCAL 14-14B, INTERNATIONAL        :
UNION OF OPERATING ENGINEERS, LOCAL          :
15D, AFFILIATED WITH THE AFL-CIO,            :
LABORERS LOCAL 79, A CONSTITUENT             :
LOCAL UNION OF THE MASON TENDERS             :
DISTRICT COUNCIL OF GREATER NEW YORK,        :
AFFILIATED WITH LABORERS                     :
INTERNATIONAL UNION OF NORTH                 :
AMERICA, MASON TENDERS DISTRICT              :
COUNCIL OF GREATER NEW YORK, DISTRICT        :
COUNCIL OF NEW YORK CITY AND VICINITY        :
OF THE UNITED BROTHERHOOD OF                 :
CARPENTERS, JOINERS OF AMERICA, AFL-CIO      :
AND LOCAL UNION 3, INTERNATIONAL             :
BROTHERHOOD OF ELECTRICAL WORKERS,           :
AND TEAMSTERS LOCAL 282 A/W                  :
INTERNATIONAL BROTHERHOOD OF                 :
TEAMSTERS, AFL-CIO                           :
                    Defendants.              :
------------------------------------------------------------ x

Plaintiff, Time Square Construction, Inc. (hereinafter referred to as "Time Square" or "Plaintiff"), by and through its attorneys, McDermott Will & Emery LLP, submits this motion pursuant to Federal Rules of Civil Procedure 15(a) and 21 for leave to file an amended complaint.

## FACTUAL BACKGROUND

The following is a brief description of the facts alleged in the Complaint and Amended Complaint, which is submitted herewith:

Plaintiff Time Square brought this action against a number of defendant unions[1] under Section 303 of the Labor Management Relations Act of 1947, 29 U.S.C. § 187 (the "LMRA," the or "Section 303"), based on the Unions' repeated violations of the National Labor Relations Act, 29 U.S.C. § 158 (b) (4) (the "Act") by engaging in illegal picketing and secondary boycotts of Time Square at a jobsite located at 785 Eighth Avenue, New York, New York (the "Jobsite"). Compl. ¶ 1. The unions engaged in this unlawful union activity with the object of forcing Time Square to cease doing business with non-union affiliated subcontractors working at the Jobsite and to assign work to subcontractors affiliated with the Building and Construction Trades Council of Greater New York (the "BCTC"). Id.

---

[1] The unions named in the Complaint are; Building and Construction Trades Council of Greater New York, Enterprise Association of Steamfitters Local 638, United Association, Cement and Concrete Workers Local 20 of the Laborers International Union of North America, United Brotherhood of Carpenters & Joiners of America Local 608, Local #46 Metallic Lathers Union and Reinforcing Ironworkers of New York and Vicinity of the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, International Union of Operating Engineers Local 14-14B, International Union of Operating Engineers, Local 15D, affiliated with the AFL-CIO, Laborers Local 79, a constituent local union of the Mason Tenders District Council of Greater New York, affiliated with Laborers International Union of North America, Mason Tenders District Council of Greater New York, District Council of New York City and Vicinity of the United Brotherhood of Carpenters, Joiners of America, AFL-CIO, Local Union 3, International Brotherhood of Electrical Workers and Teamsters Local 282 a/w International Brotherhood of Teamsters (collectively referred to as the "Unions").

As set forth in detail in the Complaint and the proposed Amended Complaint, Time Square is a construction management company that is currently overseeing the construction of a building at the Jobsite. Id. ¶ 17. Time Square has hired both union affiliated and non-union affiliated subcontractors to complete work on the Jobsite. Id. ¶¶ 18-22. However, Time Square's policy of hiring both union affiliated and no-union affiliated companies did not sit well with the BCTC and its members, many of which are defendants in this case. Over the course of the summer of 2007, the defendant unions, coordinated by the BCTC, staged three strikes that resulted in all union affiliated employees walking off the Jobsite, shutting down the site three times and costing Time Square substantial sums of money. Id. ¶¶ 23-45.

The first two strikes occurred around the Memorial Day and Fourth of July holidays. Just before Memorial Day weekend, Local 638 began "leafleting" the Jobsite. Id. ¶ 26. Local 638 was, in fact, "leafleting" because Time Square did not accede to its demands that Time Square assign it the sprinkler work on the Jobsite. Id. Soon after the "leafleting" began, all union employees walked off of the Jobsite. Id. ¶ 27. The union affiliated employees walked off the Jobsite in spite of the fact that there was no "picket" to honor and in spite of the fact that Time Square had set up an appropriate reserve gate system. Id. ¶¶ 27-29. The Jobsite was completely shut down for three days, May 25, 29 and 30. Id. ¶ 27.

Local 79 began picketing the Jobsite just before the Fourth of July holiday. Local 79's stated "reasons" for picketing the Jobsite were a moving target – in fact, Local 79 wanted to be assigned work on the Jobsite. Id. ¶¶ 32-35. Soon after the picket

commenced, all union affiliated employees walked off the Jobsite in spite of the fact that there was a reserve gate system in place. Id. ¶ 38.

The situation only escalated. On June 29, fifty (50) or sixty (60) BCTC affiliated union members blocked a city street to stop a cement truck from delivering cement to the Jobsite. Id. ¶¶ 41-42. The picketing became so violent that the police had to be called and, upon information and belief, approximately eight (8) of the protesters were arrested, including, but not limited to, agents of Carpenters Local 608, Laborers Local 20 and Laborers Local 18A. Id. Due to initial confusion over the parties involved, Time Square did not specifically name Local 18A in the original Complaint.

Time Square filed the Complaint on August 20, 2007. That same day, Plumbers and Gasfitters Local Union No. 1 ("Local 1") (also a BCTC member) began picketing the Jobsite. Local 1's picket again caused all union-affiliated employees walking off of the job. Am. Compl. at ¶ 48. Local 1 was purportedly picketing against Bay Ridge Mechanical, a subcontractor on the jobsite. Id. However, just as with the prior strikes, Local 1's real purpose was to try to force Time Square to unionize the Jobsite. In fact, not only had Time Square had already suspended its contract with Bay Ridge Mechanical when the picketing began, but a Local 1 representative explicitly stated that the union would picket unless Time Square assigned the work to the union. Id. The picketing and work stoppage continued through August 22. Id. ¶ 50.

The initial conference in this matter was held on January 7, 2008, at which time the Court gave Time Square leave to file the instant motion. Discovery has not commenced in this action, nor have any motions been filed.

## ARGUMENT

Rule 21 states that a party may be added to an action "at any time, on just terms." In deciding whether to permit joinder, courts apply the "same standard of liberality afforded to motions to amend pleadings under Rule 15." Soler v. G & U, Inc., 86 F.R.D. 524, 528 (S.D.N.Y. 1980). Under Rule 15(a), "[i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. the leave sought should, as the rules require, be 'freely given'." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

Here, Time Square seeks leave to amend the complaint for the first time while the case is in its earliest stages. In fact, there has been no discovery whatsoever in this action, nor have any motions been filed. As such, Time Square has not acted with undue delay in filing its motion, and the named defendants cannot be prejudiced. See Playwell Toy, Inc. v. Bureau Veritas Consumer Prods. Svcs., Inc., No. 03-CV-0704C(SC), 2007 U.S. Dist. LEXIS 72874 (W.D.N.Y. Sept. 28, 2007) (granting motion to amend where filed prior to discovery); RSM Prod. Corp. v. Mikhail Fridman, No. 06 Civ. 11512 (DLC), 2007 U.S. Dist. LEXIS 73021 (S.D.N.Y. Sept. 28, 2007) (granting motion to add party under Rule 21 grated where filed prior to discovery).

Moreover, the claims against Local 18A and Local 1 clearly relate to the conduct complained of in the original complaint. Local 18A engaged in violent activities during the July 4th strike that are detailed in the Complaint – Time Square is not seeking to add any new allegations or causes of action in regards to Local 18A. Local 18A was not

named in the initial Complaint due to confusion over the parties involved. Simply put, adding Local 18A as a party to this action will not cause prejudice to any of the previously named defendants. As such, this Court should grant Time Square's motion to add Local 18A as a defendant.

The allegations against Local 1 are also part of the same course of conduct engaged in by all BCTC affiliated unions that are the subject of the Complaint. Local 1 began its unlawful strike the same day that Time Square filed the Complaint. As with the prior strikes that were the subject of the Complaint, all union affiliated employees (*i.e.* employees of other named defendants) walked off of the Jobsite. Just as with the prior strikes, Local 1 was seeking to have Time Square stop doing business with a non-union affiliated company and instead assign the work to Local 1. Just as with the other strikes, the BCTC was involved in many aspects of the Local 1 picket.

The claims against Local 1 are mere variations on the theme that the BCTC and its affiliated union engaged in a pattern of unlawful labor activity in an attempt to force Time Square to unionize the entire Jobsite. State Farm Mutual Auto. Ins. Co. v. CPT Med. Svcs., P.C., 246 F.R.D. 143, 149 (E.D.N.Y. 2007) (leave to add party granted where new claims were "merely variations on the original theme"). Local 1's picket is, in essence, the third stage of the union defendant's concerted activities. In fact, Time Square's claims against Local 1 are based on precisely the same causes of action asserted in the Complaint, *i.e.* violations of the Act. As such, this Court should grant Time Square leave to amend the complaint to add Local 1 as a defendant and include the allegations relating to Local 1's Labor Day strike.

## CONCLUSION

For the foregoing reasons, Time Square respectfully requests that this Court grant leave to file the amended complaint to (i) name Local 18A as a party to this action and (ii) assert claims against Local 1.

Dated:  New York, New York.
        January 15, 2008

Respectfully submitted,

By: _____
      Joel E. Cohen (JEC 5312)
      Leila Pittaway (LP 2907)

McDermott Will & Emery LLP
340 Madison Avenue
New York, New York  10173-1922
212.547.5400

*Attorneys for Plaintiff*
*Time Square Construction, Inc.*

NYK 1141453-1.079158.0011