UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

TIME SQUARE CONSTRUCTION, INC.,
                Plaintiff,

        v.

BUILDING AND CONSTRUCTION TRADES
COUNCIL OF GREATER NEW YORK,
ENTERPRISE ASSOCIATION OF
STEAMFITTERS LOCAL 638 OF THE UNITED
ASSOCIATION, CEMENT AND CONCRETE
WORKERS LOCAL 20 OF THE LABORERS
INTERNATIONAL UNION OF NORTH
AMERICA, UNITED BROTHERHOOD OF
CARPENTERS & JOINERS OF AMERICA
LOCAL 608, LOCAL #46 METALLIC LATHERS
UNION AND REINFORCING IRONWORKERS
OF NEW YORK AND VICINITY OF THE
INTERNATIONAL ASSOCIATION OF BRIDGE,
STRUCTURAL, ORNAMENTAL AND
REINFORCING IRON WORKERS,
INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 14-14B, INTERNATIONAL
UNION OF OPERATING ENGINEERS, LOCAL
15D, AFFILIATED WITH THE AFL-CIO,
LABORERS LOCAL 79, A CONSTITUENT
LOCAL UNION OF THE MASON TENDERS
DISTRICT COUNCIL OF GREATER NEW
YORK, AFFILIATED WITH LABORERS
INTERNATIONAL UNION OF NORTH
AMERICA, MASON TENDERS DISTRICT
COUNCIL OF GREATER NEW YORK,
DISTRICT COUNCIL OF NEW YORK CITY
AND VICINITY OF THE UNITED
BROTHERHOOD OF CARPENTERS, JOINERS
OF AMERICA, AFL-CIO AND LOCAL UNION
3, INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS AND TEAMSTERS
LOCAL 282 A/W INTERNATIONAL
BROTHERHOOD OF TEAMSTERS, AFL-CIO,
PLUMBERS AND GASFITTERS LOCAL UNION
NO. 1 AND CEMENT AND CONCRETE
WORKERS LOCAL 18A OF THE LABORERS
INTERNATIONAL UNION OF NORTH AMERICA
                Defendants.
------------------------------------------------------------X

: 07-CIV-7403
: (RJS)

**AMENDED ANSWER
OF THE BUILDING AND
CONSTRUCTION TRADES
COUNCIL OF GREATER
NEW YORK**

The Building and Construction Trades Council of Greater New York (hereinafter "**BCTC**"), by and through its attorneys, COLLERAN, O'HARA & MILLS, answers the Amended Complaint, as follows:

1. Admits that the action is brought pursuant to Section 303 of the Labor Management Relations Act of 1947 ("LMRA") 29 U.S.C. § 187, but denies that this Court has jurisdiction over the BCTC under this statute, denies that the BCTC engaged in any unlawful activity under the LMRA, and denies that Plaintiff, Times Square Construction, Inc. (hereinafter "Times Square" of "Plaintiff") is entitled to any relief under the statue.

2. Admits that Plaintiff has alleged jurisdiction under Section 303 of the LMRA, 28 U.S.C. §187, but denies the existence of a valid claim or any violation thereunder by the BCTC.

3. Admits that the Southern District is an appropriate venue, but denies any actionable claim arising within this district.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint.

5. Admits the allegations in paragraph "5" insofar as it is alleged that the BCTC is an unincorporated association consisting of constituent labor organizations with its principal office located at 71 West 23rd Street, suite 501, City of New York, County of New York, State of New York, 10010, but denies that the BCTC is a labor organization within the meaning of the National Labor Relations Act (the "Act") and denies all other allegations set forth in paragraph "5" of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" through "18" of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint, except admits that Times Square is performing work on a project located at 785 Eighth Avenue, New York City, New York ("Jobsite").

8. Denies of the allegations set forth in paragraphs "20" through "29" of the Complaint.

9. Denies the allegations contained in paragraph "30", "31", "32", and "33".

10. Denies knowledge and information sufficient to form a belief as to the truth of the allegations forth in paragraphs "34", "35", "36", "37", "46", "47", "48", "49", and "50" but denies any BCTC knowledge of and/or involvement in the alleged activity, and denies that any such alleged activity can be attributed to the BCTC or its agents, and further denies the rest and remainder of the allegations.

11. Denies the allegations set forth in paragraphs "38", "39", "40", "41", "42", "43", "44", "45", "51", and "52".

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

12. The Complaint fails to state a claim upon which relief can be granted against BCTC.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

13. The Court is without subject matter jurisdiction under §303 with respect to the BCTC since the BCTC is not a labor organization within the meaning of the NLRA.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

14. Plaintiff failed to state its allegations against BCTC with the requisite specificity.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

15. Plaintiffs claims are barred, in whole or in part by the doctrines of waiver, estoppel, and/or unclean hands.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

16. Without, admitting any action or statements by the BCTC, any alleged action or statement by the BCTC constitutes protected conduct under the U.S. Constitution, federal law, and/or state law and is not actionable.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

17. The relief requested by Plaintiff is overbroad and the damages alleged cannot be attributed to the BCTC.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

18. The Complaint fails to state a claim for relief against the BCTC because the Complaint does not allege that acts allegedly attributed to the BCTC

were authorized, ratified, and/or undertaken by officers, agents or every member of the BCTC.

19. The Complaint fails to state a claim for relief against the BCTC under §303 for a violation of §8(b)(4)(D) of the Act.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

**WHEREFORE**, the Complaint should be dismissed and costs and disbursements and attorneys fees incurred in defense of this action should be awarded to the BCTC.

Dated: Garden City, New York
       February 5, 2008

COLLERAN, O'HARA & MILLS LLP

By: _____
CAROL O'ROURKE PENNINGTON (0594)
Attorneys for BUILDING CONSTRUCTION
TRADES COUNCIL OF GREATER NEW
YORK
1225 Franklin Avenue, Suite 450
Garden City, New York 11530

TO: Joel E. Cohen, Esq.
    McDermott, Will & Emery LLP
    Counsel to Plaintiff
    340 Madison Avenue
    New York, New York 10173

    Richard S. Brook, Esq.
    Attorney for Enterprise Association of Steamfitters Local
    638 of the United Association
    114 Old Country Road
    Suite 250
    Mineola, New York 11501

Bruce J. Cooper, Esq.
Pitta & Dreier
Attorney for Defendant
Cement and Concrete Workers 20 of
the Laborers International Union of North America
499 Park Avenue
New York, New York 10022

Jane Lauer-Barker
Pitta & Dreier
Attorney for Defendant Local 1
499 Park Avenue
New York, New York 10022

Gary Rothman, Esq.
O'Dwyer & Bernstein
Attorney for District Council of New York City and Vicinity
of the United Brotherhood of Carpenters, Joiners of America, AFL-CIO
52 Duane Street
New York, New York 10007

Lowell G. Peterson, Esq.
Meyer, Suozzi, English & Klein
Attorney for Laborers Local 79
1350 Broadway
Suite 501
New York, New York 10018

Norman Rothfeld, Esq.
Attorney for Local Union 3, International
Brotherhood of Electrical Workers
276 Fifth Avenue Suite 806
New York, New York 10001

Bruce S. Levine, Esq.
Cohen, Weiss & Simon
Attorney for Teamsters Local 282 A/W International Brotherhood of
Teamsters, AFL-CIO
330 West 42nd Street
New York, New York 10036

Matthew Pettigrew & Richard Markowitz
Markowitz & Richman
Attorney for Local 46 Metallic Lathers Union
& Reinforcing Iron Workers of New York and Vicinity of the
International Association of Bridge, Structural, Ornamental and
Reinforcing Iron Workers
121 S. Broad Street
Philadelphia, PA 19107

James Michael Steinberg
Brady McGuire & Steinberg, P.C.
Attorney for International Union of Operating
Engineers Local 14-14B and International Union of
Operating Engineers, Local 15D
603 Warburton Avenue
Hastings-on-Hudson, NY 10706