UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TIME SQUARE CONSTRUCTION, INC.,

                      Plaintiff,

      -against-                                **ANSWER OF THE**
                                                 **I.U.O.E. LOCAL 14-14B**
BUILDING AND CONSTRUCTION TRADES COUNCIL      **TO THE AMENDED**
OF GREATER NEW YORK, ENTERPRISE ASSOCIATION  **COMPLAINT**
OF STEAMFITTERS LOCAL 638 OF THE UNITED
ASSOCIATION, CEMENT AND CONCRETE WORKERS    07-CIV-7403 (RJS)
LOCAL 20 OF THE LABORERS INTERNATIONAL
UNION OF NORTH AMERICA, UNITED BROTHERHOOD  ECF Case
OF CARPENTERS & JOINERS OF AMERICAL LOCAL
608, LOCAL #46 METALLIC LATHERS UNION AND
REINFORCING IRONWORKERS OF NEW YORK AND
VICINITY OF THE INTERNATIONAL ASSOCIATION
OF BRIDGE, STRUCTURAL, ORNAMENTAL AND
REINFORCING IRON WORKERS, INTERNATIONAL
UNION OF OPERATING ENGINEERS LOCAL 14-14B,
INTERNATIONAL UNION OF OPERATING ENGINEERS
LOCAL 15D, AFFILIATED WITH THE AFL-CIO,
LABORERS LOCAL 79, A CONSTITUENT LOCAL
UNION OF THE MASON TENDERS DISTRICT COUNCIL
OF GREATER NEW YORK, AFFILIATED WITH
LABORERS INTERNATIONAL UNION OF NORTH
AMERICA, MASON TENDERS DISTRICT COUNCIL
OF GREATER NEW YORK, DISTRICT COUNCIL OF
NEW YORK CITY AND VICINITY OF THE UNITED
BROTHERHOOD OF CARPENTERS, JOINERS OF
AMERICA, AFL-CIO AND LOCAL UNION 3, INTER-
NATIONAL BROTHERHOOD OF ELECTRICAL
WORKERS AND TEAMSTERS LOCAL 282 A/W
INTERNATIONAL BROTHERHOOD OF TEAMSTERS,
AFL-CIO, PLUMBERS AND GASFITTERS LOCAL
UNION NO. 1 AND CEMENT AND CONCRETE
WORKERS LOCAL 18A OF THE LABORERS INTER-
NATIONAL UNION OF NORTH AMERICA,

                      Defendants.
------------------------------------------------------------------X

Defendant INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 14-14B, AFL-CIO ("LOCAL 14"), by its attorneys BRADY McGUIRE & STEINBERG, P.C., hereby answers the Amended Complaint as follows:

1. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 1 of the Amended Complaint, but denies the allegations as to LOCAL 14.

2. Admits that the Plaintiff has alleged jurisdiction under Section 303 of the Labor Management Relations Act of 1947, 29 U.S.C. Section 185, but denies the existence of a valid claim or any violation thereunder by Defendant LOCAL 14 as alleged in Paragraph 2 of the Amended Complaint.

3. Admits that the United States District Court for the Southern District of New York is an appropriate venue, but denies any actionable claim arising within the Southern District of New York as against Defendant LOCAL 14 as alleged in Paragraph 3 of the Amended Complaint.

4. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of the Amended Complaint.

5. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Amended Complaint.

6. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of the Amended Complaint.

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of the Amended Complaint.

8. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Amended Complaint.

9. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Amended Complaint.

10. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Amended Complaint.

11. Admits to the truth of the allegations contained in Paragraph 11 of the Amended Complaint.

12. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of the Amended Complaint.

13. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of the Amended Complaint.

14. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of the Amended Complaint.

15. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of the Amended Complaint.

16. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of the Amended Complaint.

17. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of the Amended Complaint.

18. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of the Amended Complaint.

19. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Amended Complaint, except admits that there is a construction project located at 785 Third Avenue, New York, New York (the "jobsite").

20. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of the Amended Complaint.

21. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of the Amended Complaint.

22. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of the Amended Complaint.

23. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of the Amended Complaint.

24. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 of the Amended Complaint.

25. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25 of the Amended Complaint.

26. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 of the Amended Complaint.

27. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 of the Amended Complaint.

28. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of the Amended Complaint.

29. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 of the Amended Complaint.

30. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 of the Amended Complaint.

31. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31 of the Amended Complaint.

32. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of the Amended Complaint.

33. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33 of the Amended Complaint.

34. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 of the Amended Complaint.

35. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 of the Amended Complaint.

36. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36 of the Amended Complaint.

37. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of the Amended Complaint.

38. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 38 of the Amended Complaint.

39. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 39 of the Amended Complaint.

40. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 40 of the Amended Complaint.

41. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 41 of the Amended Complaint.

42. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 42 of the Amended Complaint.

43. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 43 of the Amended Complaint.

44. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 44 of the Amended Complaint.

45. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 45 of the Amended Complaint.

46. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 46 of the Amended Complaint.

47. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 47 of the Amended Complaint.

48. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 48 of the Amended Complaint.

49. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 49 of the Amended Complaint.

50. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 50 of the Amended Complaint.

51. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 51 of the Amended Complaint.

52. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 52 of the Amended Complaint.

### AS AND FOR DEFENDANT'S FIRST AFFIRMATIVE DEFENSE

53. The Amended Complaint fails to state a claim upon which relief may be granted.

### AS AND FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE

54. The Court lacks subject matter jurisdiction over the Amended Complaint.

### AS AND FOR DEFENDANT'S THIRD AFFIRMATIVE DEFENSE

55. Plaintiff has failed to state its allegations against Defendant LOCAL 14 with the requisite specificity.

### AS AND FOR DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE

56. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel and/or unclean hands.

### AS AND FOR DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE

57. Without admitting any action or statements by Defendant LOCAL 14, any alleged action or statement by Defendant LOCAL 14 constitutes protected conduct pursuant to the U.S. Constitution, federal law and/or state law, and is therefore not actionable.

### AS AND FOR DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE

58. The relief requested by the Plaintiff is overbroad and the damages alleged cannot be attributed to Defendant LOCAL 14.

### AS AND FOR DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE

59. The Amended Complaint fails to state a claim for relief against Defendant LOCAL 14 because the Amended Complaint does not allege that acts allegedly attributed to Defendant LOCAL 14 were authorized, ratified and/or undertaken by the officers, agents or every member of Defendant LOCAL 14.

**WHEREFORE**, Defendant LOCAL 14 demands judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action.

Dated: Hastings-on-Hudson, New York
February 7, 2008

Respectfully submitted,

BRADY McGUIRE & STEINBERG, P.C.

By: *James M. Steinberg*
James M. Steinberg (JS-3515)
Attorneys for Defendant I.U.O.E. Local 14-14B
603 Warburton Avenue
Hastings-on-Hudson, New York 10706
(914) 478-4293

TO:  Joel E. Cohen, Esq.
McDERMOT, WILL & EMERY, LLP
Attorneys for Plaintiff
340 Madison Avenue
New York, New York 10173

Carol O'Rourke Pennington, Esq.
COLLERAN, O'HARA & MILLS, LLP
Attorneys for BCTC
1225 Franklin Avenue, Suite 450
Garden City, New York 11530

Richard S. Brook, Esq.
LAW OFFICE OF RICHARD S. BROOK
Attorneys for Enterprise Association of Steamfitters Local 638
114 Old Country Road, Suite 250
Mineola, New York 11501

Bruce Jay Cooper, Esq.
PITTA & DREIER, LLP
Attorneys for Cement & Concrete Workers Local 20 of L.I.U.N.A.
499 Park Avenue
New York, New York 10022

Gary Rothman, Esq.
O'DWYER & BERNSTEIN, LLP
Attorneys for United Brotherhood of Carpenters & Joiners Local 608
    and District Council
62 Duane Street, 5th Floor
New York, New York 10007

Richard H. Markowitz, Esq.
MARKOWITZ & RICHMAN
Assoc. of Bridge, Structural, Ornamental & Reinforcing
Iron Workers
121 South Broad Street
Philadelphia, Pennsylvania 19107

Matthew G. McGuire, Esq.
BRADY McGUIRE & STEINBERG, P.C.
Attorneys for Defendant I.U.O.E. Local 15
603 Warburton Avenue
Hastings-on-Hudson, New York 10706

Lowell Peterson, Esq.
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
Attorneys for Laborers Local 79
1350 Broadway, Suite 501
New York, New York 10018

Lowell Peterson, Esq.
MEYER, SUOZZI, ENGLISH & KLEIN, P.C.
Attorneys for Mason Tenders District Council of Greater New York
1350 Broadway, Suite 501
New York, New York 10018

Norman Rothfeld, Esq.
Attorney for I.B.E.W. Local Union 3
276 Fifth Avenue, Suite 806
New York, New York 10001

Bruce Steven Levine, Esq.
COHEN, WEISS AND SIMON, LLP
Attorneys for Teamsters Local 282
330 West 42nd Street
New York, New York 10036

Cement & Concrete Workers Local 18A
4235 Katonah Avenue
Bronx, New York 10470

Plumbers and Gasfitters Local Union No. 1
158-29 Cross Bay Boulevard
Howard Beach, New York 11414