UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| TIME SQUARE CONSTRUCTION, INC., : | |
| : | |
| Plaintiff : | CIVIL ACTION |
| : | |
| v. : | |
| : | NO. 07-7403 (RJS)(DCF) |
| BUILDING AND CONSTRUCTION TRADES : | |
| COUNCIL OF GREATER NEW YORK, et al., : | |
| : | |
| Defendant : | |

_____

ANSWER OF DEFENDANT LOCAL NO. 46 METALLIC
LATHERS UNION AND REINFORCING IRONWORKERS OF
NEW YORK AND VICINITY TO PLAINTIFF'S AMENDED COMPLAINT

_____

Local 46 Metallic Lathers Union and Reinforcing Ironworkers of New York City and Vicinity ("Local 46") files this answer to the amended complaint in the above-captioned matter in accordance with its numbered paragraphs:

NATURE OF THIS ACTION

1. It is admitted that this is an action to seek damages pursuant to Section 303 of the Labor Management Relations Act of 1947, 29 U.S.C. § 187. It is denied that Local 46 has in any way violated the National Labor Relations Act or has engaged in any illegal picketing or secondary boycott of Plaintiff Time Square Construction, Inc. at 785 Eighth Avenue, New York City, New York ("Jobsite") with the object of forcing Time Square to cease doing business with non-union affiliated subcontractors working at the Jobsite or to assign work to subcontractors

1

affiliated with the Building and Construction Trades Council of Greater New York.

## JURISDICTION AND VENUE

2. It is denied that there is any basis for the jurisdiction of this Court, pursuant to Section 303(a) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185.

3. It is denied that venue is proper in this Court or that Local 46 has engaged in any acts giving rise to the amended complaint in this matter.

## THE PARTIES

4. Local 46 is without knowledge of information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 4 of the amended complaint and, after reasonable investigation, denies same and demands proof thereof at time of trial.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

## FACTS

19. After reasonable investigation Local 46 is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 19 of the amended complaint and therefore denies same and demands proof thereof at time of trial.

20. After reasonable investigation Local 46 is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 20 of the amended complaint and therefore denies same and demands proof thereof at time of trial.

21. Local 46 denies the allegations of paragraph 21 of the amended complaint as stated.

22. After reasonable investigation Local 46 is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 22 of the amended complaint and therefore denies same and demands proof thereof at time of trial.

23. After reasonable investigation Local 46 is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 23 of the amended complaint and therefore denies same and demands proof thereof at time of trial.

24. After reasonable investigation Local 46 is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 24 of the amended complaint and therefore denies same and demands proof thereof at time of trial.

25. Local 46 denies the allegations of paragraph 25 of the amended complaint.

26. Local 46 denies the allegations of paragraph 26 of the amended complaint.

27. After reasonable investigation Local 46 is without knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations of paragraph 27 of the amended complaint and therefore denies same and demands proof thereof at time of trial.

28. It is admitted that Local 638 began leafleting at the Jobsite. The remaining allegations of paragraph 28 of the amended complaint is denied.

29. Local 46 denies the allegations of paragraph 29 of the amended complaint.

30. It is admitted that Times Square set up reserved gates on this Jobsite. After reasonable investigation Local 46 is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of paragraph 30 of the amended complaint and therefore denies same and demands proof thereof at time of trial.

31. Local 46 denies the allegations of paragraph 31 of the amended complaint.

32. Local 46 denies the allegations of paragraph 32 of the amended complaint.

33. Local 46 denies the allegations of paragraph 33 of the amended complaint.

34. After reasonable investigation Local 46 is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 34 of the amended complaint and therefore denies same and demands proof thereof at time of trial.

35. After reasonable investigation Local 46 is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 35 of the amended complaint and therefore denies same and demands proof thereof at time of trial.

36. After reasonable investigation Local 46 is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 36 of the amended complaint and therefore denies same and demands proof thereof at time of trial.

37. It is admitted that Laborers Local 79 began picketing at the Jobsite and had a large inflatable rat directly in front of the Jobsite. The remaining allegations of paragraph 37 of the amended complaint are denied.

38. It is admitted that representatives of Laborers Local 79 picketed the Jobsite carrying placards. The remaining allegations of paragraph 38 of the amended complaint are denied.

39. Local 46 denies the allegations of paragraph 39 of the amended complaint.

40. Local 46 denies the allegations of paragraph 40 of the amended complaint.

41. Local 46 denies the allegations of paragraph 41 of the amended complaint.

42. Local 46 denies the allegations of paragraph 42 of the amended complaint.

43. Local 46 denies the allegations of paragraph 43 of the amended complaint.

44. Local 46 denies the allegations of paragraph 44 of the amended complaint.

45. Local 46 denies the allegations of paragraph 45 of the amended complaint.

46. After reasonable investigation Local 46 is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 46 of the amended complaint and therefore denies same and demands proof thereof at time of trial.

47. After reasonable investigation Local 46 is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 47 of the amended complaint and therefore denies same and demands proof thereof at time of trial.

48. After reasonable investigation Local 46 is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 48 of the amended complaint and therefore denies same and demands proof thereof at time of trial.

49. After reasonable investigation Local 46 is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 49 of the amended complaint and therefore denies same and demands proof thereof at time of trial.

50. After reasonable investigation Local 46 is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 50 of the amended complaint and therefore denies same and demands proof thereof at time of trial.

51. Local 46 denies the allegations of paragraph 51 of the amended complaint.

52. Local 46 denies the allegations of paragraph 52 of the amended complaint.

## FIRST AFFIRMATIVE DEFENSE

The amended complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Local 46 has not at any time induced or encouraged its members, or anyone else, to cease work on the Jobsite.

## THIRD AFFIRMATIVE DEFENSE

Local 46 has a right under its collective bargaining agreement to have its members refuse to cross any picket line on any job at which a picket line is located and members of Local 46 may have exercised their right and refused to work on any job where a picket line was located.

## FOURTH AFFIRMATIVE DEFENSE

Local 46 has a right under the National Labor Relations Act, as amended, to have its members refuse to cross any picket line on any job at which a picket line is located and members of Local 46 may have exercised their right and refused to work on any job where a picket line

was located.

## FIFTH AFFIRMATIVE DEFENSE

The amended complaint fails to state a claim for relief against Local 46 because the amended complaint does not allege that acts allegedly attributed to Local 46 were authorized, ratified, and/or undertaken by the officers, agents, or every member of Local 46.

WHEREFORE, Local 46 requests that the amended complaint herein be dismissed and that Local 46 be granted such other and further relief as this Court deems just and proper.


MARKOWITZ & RICHMAN


| February 12, 2008 | /s/   R. Matthew Pettigrew, Jr. |
| Date | Richard H. Markowitz (RM-5158) |

R. Matthew Pettigrew, Jr. (RP-9788)
1100 North American Building
121 South Broad Street
Philadelphia, PA 19107
215-875-3100

Attorneys for Local No. 46 Metallic Lathers Union and Reinforcing Ironworkers of New York City and Vicinity

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| TIME SQUARE CONSTRUCTION, INC., | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 07-7403 (RJS)(DCF) |
| BUILDING AND CONSTRUCTION TRADES | : | |
| COUNCIL OF GREATER NEW YORK, et al., | : | |
| | : | |
| Defendant | : | |

---

CERTIFICATE OF SERVICE

---

      I, R. Matthew Pettigrew, Jr., hereby certify that on this date I caused the foregoing answer of the defendant, Local No. 46 Metallic Lathers Union and Reinforcing Ironworkers of New York and Vicinity, to the plaintiff's amended complaint to be served on the following counsel for the parties in this action, via first-class mail, addressed as follows:

Joel E. Cohen, Esquire
McDermott, Will & Emery
340 Madison Avenue
New York, NY 10173

Carol O'Rourke Pennington, Esquire
Colleran, O'Hara & Mills
Suite 450
1225 Franklin Avenue
Garden City, NY 11530

Richard S. Brook, Esquire
Suite 250
114 Old Country Road
Mineola, NY 11501

Bruce J. Cooper, Esquire
Pitta & Dreier
499 Park Avenue
New York, NY 10022

Gary Silverman, Esquire
O'Dwyer & Bernstein
Fifth Floor
52 Duane Street
New York, NY 10007

James M. Steinberg, Esquire
Brady, McGuire & Steinberg
603 Warburton Avenue
Hastings-on-Hudson, NY 10706

Lowell G. Peterson, Esquire
Meyer, Suozzi, English & Klein
Suite 501
1350 Broadway
New York, NY 10018

Norman Rothfeld, Esquire
Gelb & Gelb
Suite 806
276 Fifth Avenue
New York, NY 10001

Bruce S. Levine, Esquire
Cohen, Weiss & Simon
330 West 42nd Street
New York, NY 10036

|  |  |
|---|---|
|     February 12, 2008 | /s/   R. Matthew Pettigrew, Jr. |
| Date | R. Matthew Pettigrew, Jr. (RP-9788) |