UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TIME SQUARE CONSTRUCTION, INC.,

                              Plaintiff,

    -against-

                              07Civ 7403 (RJS)

BUILDING AND CONSTRUCTION TRADES COUNCIL
OF GREATER NEW YORK, ENTERPRISES ASSOCIATION
OF STEAMFITTERS LOCAL 638 OF THE UNITED
ASSOCIATION, CEMENT AND CONCRETE WORKERS   **ANSWER TO**
LOCAL 20 OF THE LABORERS INTERNATIONAL UNION   **AMENDED COMPLAINT**
OF NORTH AMERICA, UNITED BROTHERHOOD OF
CARPENTERS & JOINERS OF AMERICA LOCAL 608,
LOCAL #46 METALLIC LATHERS UNION AND
REINFORCING IRONWORKERS OF NEW YORK AND
VICINITY OF THE INTERNATIONAL ASSOCIATION OF
BRIDGE, STRUCTURAL, ORNAMENTAL AND
REINFORCING IRON WORKERS, INTERNATIONAL
UNION OF OPERATING ENGINEERS, LOCAL 15D,
AFFILIATED WITH THE AFL-CIO, LABORERS
LOCAL 79, A CONSTITUENT LOCAL UNION OF THE
MASON TENDERS DISTRICT COUNCIL OF GREATER
OF NEW YORK, AFFILIATED WITH LABORERS
INTERNATIONAL UNION OF NORTH AMERICA,
MASON TENDERS DISTRICT COUNCIL OF GREATER
NEW YORK, DISTRICT COUNCIL OF NEW YORK CITY
AND VICINITY OF THE UNITED BROTHERHOOD OF
CARPENTERS, JOINERS OF AMERICA, AFL-CIO AND
LOCAL UNION 3, INTERNATIONAL BROTHERHOOD OF
ELECTRICAL WORKERS AND TEAMSTERS LOCAL 282
A/W INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, AFL-CIO, PLUMBERS AND GASFITTERS
LOCAL UNION NO. 1, and CEMENT AND CONCRETE
WORKERS LOCAL 18A OF THE LABORERS
INTERNATIONAL UNION OF NORTH AMERICA,

                              Defendants.
------------------------------------------------------------------X

       Defendants DISTRICT COUNCIL OF NEW YORK CITY AND VICINITY OF THE

UNITED BROTHERHOOD OF CARPENTERS, JOINERS OF AMERICA ("District Council")

1

and UNITED BROTHERHOOD OF CARPENTERS & JOINERS OF AMERICA LOCAL 608, as and for their answer to the amended complaint allege as follows:

1. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the amended complaint, except deny the allegations as to the District Council and Local 608.

2. Deny the allegations contained in paragraph "2" of the amended complaint, and refer questions of law to the Court for resolution.

3. Deny the allegations contained in paragraph "3" of the amended complaint, and refer questions of law to the Court for resolution.

4. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "4" of the amended complaint.

5. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "5" of the amended complaint.

6. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "6" of the amended complaint.

7. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "7" of the amended complaint.

8. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "8" of the amended complaint.

9. Admit the allegations contained in paragraph "9" of the amended complaint.

10. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "10" of the amended complaint.

11. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "11" of the amended complaint.

12. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "12" of the amended complaint.

13. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "13" of the amended complaint.

14. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "14" of the amended complaint.

15. Admit the allegations contained in paragraph "15" of the amended complaint.

16. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "16" of the amended complaint.

17. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "17" of the amended complaint.

18. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "18" of the amended complaint.

19. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "19" of the amended complaint.

20. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "20" of the amended complaint.

21. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "21" of the amended complaint.

22. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "22" of the amended complaint.

23. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "23" of the amended complaint.

24. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "24" of the amended complaint.

25. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "25" of the amended complaint.

26. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "26" of the amended complaint.

27. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "27" of the amended complaint.

28. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "28" of the amended complaint.

29. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "29" of the amended complaint.

30. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "30" of the amended complaint.

31. Deny knowledge and information sufficient to form a belief with respect to the allegations contained in the first sentence of paragraph "31" of the amended complaint. Deny the allegations contained in the second sentence of paragraph "31" of the amended complaint as to Local 608.

32. Deny knowledge and information sufficient to form a belief with respect to the allegations contained in paragraph "32" of the amended complaint.

33. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "33" of the amended complaint.

34. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "34" of the amended complaint.

35. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "35" of the amended complaint.

36. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "36" of the amended complaint.

37. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "37" of the amended complaint.

38. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "38" of the amended complaint.

39. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "39" of the amended complaint.

40. Deny knowledge and information sufficient to form a belief with respect to allegations contained in paragraph "40" of the amended complaint, except deny the allegations contained in the second sentence of paragraph "40" of the amended complaint with respect to Local 608.

41. Deny the allegations contained in paragraph "41" of the amended complaint.

42. Deny the allegations contained in paragraph "42" of the amended complaint.

43. Deny the allegations contained in paragraph "43" of the amended complaint.

44. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "44" of the amended complaint.

45. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "45" of the amended complaint.

46. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "46" of the amended complaint.

47. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "47" of the amended complaint.

48. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "48" of the amended complaint.

49. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "49" of the amended complaint.

50. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "50" of the amended complaint.

51. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph "51" of the amended complaint, except deny the allegations of paragraph "51" with respect to Local 608.

52. Deny allegations contained in paragraph "52" of the amended complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

53. The amended complaint fails to state a claim against District Council and Local 608.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

54. The dispute hereunder is subject to the grievance and arbitration provisions of the collective bargaining between the District Council and Navillus Tile, Inc. to which plaintiff is bound in that it is a joint or single employer with Navillus or its alter ego.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

55.    The Court lacks subject matter jurisdiction with respect to this claim because, inter alia, the underlying dispute is subject to grievance and arbitration provisions of the collective bargaining agreement, and/or the primary jurisdiction of the National Labor Relations Board.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

56.    Plaintiff has failed to exhaust contractual and administrative remedies.

WHEREFORE, defendants demand judgment:

(a)    Dismissing the amended complaint in its entirety;

(b)    Attorneys fees, costs and disbursements incurred in the defense of this action; and

(c)    Such other and different relief as the Court deems proper and just.

Dated:  New York, New York
        February 4, 2008

                                        Yours, etc.,

                                        O'DWYER & BERNSTIEN, LLP

                            By          _____
                                        GARY ROTHMAN (GR 2785)
                                        Attorneys for Defendants
                                        DISTRICT COUNCIL and
                                        LOCAL 608
                                        52 Duane Street 5th Floor
                                        New York, New York  10007
                                        (212) 571-7100

TO:    McDERMOTT, WILL & EMERY, LLP
       Joel Cohen, Esq.
       Attorneys for Plaintiff
       340 Madison Avenue
       New York, New York 10173-1922
       (212) 547-5400

LAW OFFICES OF RICHARD S. BROOK
Richard S. Brook, Esq.
Attorneys for Defendant Enterprise Association of Steamfitters Local 638
114 Old Country Rd., Suite 250
Mineola, NY 11501
(516) 741-8400

PITTA & DREIER, LLP
Bruce Jay Cooper, Esq.
Attorneys for Defendant Cement & Concrete Workers Local 20 of L.I.U.N.A.
499 Park Avenue
New York, NY 10022
(212) 652-3727

COHEN, WEISS & SIMON, LLP
Bruce S. Levine, Esq.
Attorneys for Defendant Teamsters Local 282
330 W. 42nd Street, 26th Floor
New York, NY 10036
(212) 563-4100

MARKOWITZ AND RICHMAN
Richard H. Markowitz, Esq.
Attorneys for Defendant Local No. 46 Metallic Lathers Union & Reinforcing Ironworkers
of New York and Vicinity of the International Association of Bridge, Structural, Ornamental
& Reinforcing Iron Workers
1100 North American Building
121 S. Broad Street
Philadelphia, PA 19107
(215) 875-3111

MEYER, SUOZZI, ENGLISH & KLEIN, PC
Lowell Peterson, Esq.
Attorneys for Defendants Laborers Local 79 and
Mason Tenders District Council of Greater New York
1350 Broadway, Suite 501
New York, NY 10018
(212) 239-4999

GELB & GELB, LLP
Norman Rothfeld, Esq.
Attorney for Defendant Local Union No. 3
276 5th Avenue, Suite 806
New York, NY 10001
(212) 686-0070

COLLERAN, O'HARA & MILLS, LLP
Carol O'Rourke Pennington, Esq.
Attorneys for Defendant Building Construction Trades Council of Greater New York
1225 Franklin Avenue, Suite 450
Garden City, NY 11530
(516) 248-5757

BRADY MCGUIRE & STEINBERG, PC
James M. Steinberg, Esq.
Attorneys for Defendant I.U.O.E. Local 14-14B and Local 15
603 Warburton Ave.
Hastings-on-Hudson, NY 10706
(914) 478-4293

Cement & Concrete Workers Local 18A
4235 Katonah Ave.
Bronx, NY 10470

Plumbers and Gasfitters Local Union No. 1
158-29 Cross Bay Boulevard
Howard Beach, NY 11414