UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TIME SQUARE CONSTRUCTION, INC.,

                Plaintiff,

                Case No. 07 Civ. 7403 (Sullivan)

- versus -

BUILDING AND CONSTRUCTION TRADES
COUNCIL OF GREATER NEW YORK, et al.,

                Defendants.
-----------------------------------------------------------x

## Answer of Defendants Laborers Local 79 and Mason Tenders District Council to Amended Complaint

Laborers Local 79 ("Local 79") and the Mason Tenders District Council of Greater New York (the "District Council") answer the Amended Complaint in the above-captioned matter as follows:

1. Admit that Paragraph 1 describes in summary fashion the allegations of the Amended Complaint but otherwise deny the allegations of Paragraph 1 of the Amended Complaint.

2. Deny the allegations of Paragraph 2 of the Amended Complaint.

3. Admit the allegations of Paragraph 3 of the Amended Complaint only to the extent that, if the Court has jurisdiction (which Local 79 and the District Council deny), venue is proper in this District.

4. Lack sufficient information to admit or deny the allegations of Paragraph 4 of the Amended Complaint.

5. Lack sufficient information to admit or deny the allegations of Paragraph 5 of the Amended Complaint.

6. Lack sufficient information to admit or deny the allegations of Paragraph 6 of the Amended Complaint.

7. Lack sufficient information to admit or deny the allegations of Paragraph 7 of the Amended Complaint.

8. Lack sufficient information to admit or deny the allegations of Paragraph 8 of the Amended Complaint.

9. Lack sufficient information to admit or deny the allegations of Paragraph 9 of the Amended Complaint.

10. Lack sufficient information to admit or deny the allegations of Paragraph 10 of the Amended Complaint.

11. Lack sufficient information to admit or deny the allegations of Paragraph 11 of the Amended Complaint.

12. Lack sufficient information to admit or deny the allegations of Paragraph 12 of the Amended Complaint.

13. Admit the allegations of Paragraph 13 of the Amended Complaint.

14. Admit the allegations of Paragraph 14 of the Amended Complaint.

15. Lack sufficient information to admit or deny the allegations of Paragraph 15 of the Amended Complaint.

16. Lack sufficient information to admit or deny the allegations of Paragraph 16 of the Amended Complaint.

17. Lack sufficient information to admit or deny the allegations of Paragraph 17 of the Amended Complaint.

18. Lack sufficient information to admit or deny the allegations of Paragraph 18 of the Amended Complaint.

19. Deny the allegations of the paragraph to the extent they are intended to suggest that Times Square does not serve as a general contractor on the referenced job and other jobs. Otherwise lack sufficient information to admit or deny the allegations of Paragraph 19 of the Amended Complaint.

20. Deny that Times Square is acting solely as a construction manager on the referenced job site. Lack sufficient information to admit or deny the remainder of the allegations of Paragraph 20 of the Amended Complaint.

21. Admit that Navillus is a member of the Building Contractors Association which is an association of contractors, and has entered into various collective bargaining agreements with labor organizations that are binding on such contractors. Deny that Navillus was a subcontractor. Lack sufficient information to admit or deny the remainder of the allegations of Paragraph 21 of the Amended Complaint.

22. Lack sufficient information to admit or deny the allegations of Paragraph 22 of the Amended Complaint.

23. Lack sufficient information to admit or deny the allegations of Paragraph 23 of the Amended Complaint.

24. Lack sufficient information to admit or deny the allegations of Paragraph 24 of the Amended Complaint.

25. Lack sufficient information to admit or deny the allegations of Paragraph 25 of the Amended Complaint.

26. Lack sufficient information to admit or deny the allegations of Paragraph 26 of the Amended Complaint.

27. Lack sufficient information to admit or deny the allegations of Paragraph 27 of the Amended Complaint.

28. Lack sufficient information to admit or deny the allegations of Paragraph 28 of the Amended Complaint.

29. Deny the allegations of Paragraph 29 of the Amended Complaint.

30. Lack sufficient information to admit or deny the allegations of Paragraph 30 of the Amended Complaint.

31. Lack sufficient information to admit or deny the allegations of Paragraph 31 of the Amended Complaint.

32. Lack sufficient information to admit or deny the allegations of Paragraph 32 of the Amended Complaint.

33. Lack sufficient information to admit or deny the allegations of Paragraph 33 of the Amended Complaint.

34. Admit that Times Square requested the referral of a shop steward to the referenced job who possessed a site safety manager's certificate and that Nicholas Albanese was referred and worked on the Project, admit that Navillus was the paymaster, but otherwise deny the allegations of Paragraph 34 of the Amended Complaint.

35. Admit that Mr. Albanese worked at the Jobsite, but in all other respects deny the allegations of Paragraph 35 of the Amended Complaint.

36. Admit that at some point Navillus said it would not act as paymaster, that prior to that statement Times Square attempted to cause Par Wrecking to serve as the paymaster, and that Mr. Albanese declined to accept a paycheck from Par Wrecking – an entity with which he was never employed. In all other respects deny the allegations of Paragraph 36 of the Amended Complaint.

37. Deny the allegations of Paragraph 37 of the Amended Complaint.

38. Admit that Local 79 representatives were present at the job site with signs but otherwise deny the allegations of Paragraph 38 of the Amended Complaint.

39. Deny the allegations of Paragraph 39 of the Amended Complaint.

40. Deny the allegations of Paragraph 40 of the Amended Complaint.

41. Lack sufficient information to admit or deny the allegations of Paragraph 41 of the Amended Complaint.

42. Deny the allegations of Paragraph 42 of the Amended Complaint.

43. Deny the allegations of Paragraph 43 of the Amended Complaint.

44. Lack sufficient information to admit or deny the allegations of Paragraph 44 of the Amended Complaint.

45. Admit that Time Square reached a settlement with Local 79 but in all other respects deny the allegations of Paragraph 45 of the Amended Complaint.

46. Lack sufficient information to admit or deny the allegations of Paragraph 46 of the Amended Complaint.

47. Lack sufficient information to admit or deny the allegations of Paragraph 47 of the Amended Complaint.

48. Lack sufficient information to admit or deny the allegations of Paragraph 48 of the Amended Complaint.

49. Deny the allegations of Paragraph 49 of the Amended Complaint.

50. Lack sufficient information to admit or deny the allegations of Paragraph 50 of the Amended Complaint.

51. Deny the allegations of Paragraph 51 of the Amended Complaint.

52. Deny the allegations of Paragraph 52 of the Amended Complaint.

### First Affirmative Defense

53. This Court lacks subject matter jurisdiction over the Amended Complaint.

### Second Affirmative Defense

54. The allegations of the Amended Complaint are barred by the doctrines of laches and estoppel.

WHEREFORE Local 79 and the District Council request that the Amended Complaint be dismissed in its entirety and that the plaintiff be direct to pay their costs and fees, including reasonable attorney fees, incurred in connection with this action.

Dated: February 12, 2008

By: /s/ Lowell Peterson
Lowell Peterson (LP 5405)

MEYER, SUOZZI, ENGLISH
& KLEIN, P.C.
1350 Broadway, Suite 501
New York, New York 10018
(212) 239-4999

Tamir W. Rosenblum (TR 0895)

6

          Haluk Savci (HS 0853)
          MASON TENDERS DISTRICT
          COUNCIL OF GREATER
          NEW YORK
          520 Eighth Avenue, Suite 650
          New York, New York 10018
          (212) 452-9451

          Counsel for Defendants Laborers Local 79
          and Mason Tenders District Council

92732