UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ -X

TIME SQUARE CONSTRUCTION, INC.

          Plaintiff,

       v.

BUILDING AND CONSTRUCTION TRADES
COUNCIL OF GREATER NEW YORK, ENTERPRISE
ASSOCIATION OF STEAMFITTERS LOCAL 638
OF THE UNITED ASSOCIATION, CEMENT AND
CONCRETE WORKERS LOCAL 20 OF THE
LABORERS INTERNATIONAL UNION OF
NORTH AMERICA, UNITED BROTHERHOOD
 OF CARPENTERS & JOINERS OF AMERICA LOCAL 608,
LOCAL # 46 METALLIC LATHERS UNION AND
REINFORCING IRONWORKERS OF NEW YORK
AND VICINITY OF THE INTERNATIONAL
ASSOCIATION OF BRIDGE, STRUCTURAL,
ORNAMENTAL AND REINFORCING IRON WORKERS,
INTERNATIONAL UNION OF OPERATING ENGINEERS
LOCAL 14-14B, INTERNATIONAL UNION OF
OPERATING ENGINEERS, LOCAL 15D, AFFILIATED
WITH THE AFL-CIO, LABORERS LOCAL 79, A
CONSTITUENT LOCAL UNION OF THE MASON
TENDERS DISTRICT COUNCIL OF GREATER
NEW YORK, AFFILIATED WITH LABORERS
INTERNATIONAL UNION OF NORTH AMERICA,
MASON TENDERS DISTRICT COUNCIL OF GREATER
NEW YORK, DISTRICT COUNCIL OF NEW YORK CITY
AND VICINITY OF THE UNITED BROTHERHOOD OF
CARPENTERS, JOINERS OF AMERICA, AFL-CIO AND
LOCAL UNION 3, INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS AND TEAMSTERS 282
A/W INTERNATIONAL BROTHERHOOD
OF TEAMSTERS, AFL-CIO, PLUMBERS AND GASFITTERS
LOCAL UNION NO. 1 AND CEMENT AND CONCRETE
WORKERS LOCAL 18A OF THE LABORERS INTERNATIONAL
UNION OF NORTH AMERICA,
            Defendants.

------------------------------------------------------------------------X

VIA ECF

07-CV-7403(RJS)(DCF)
ENTERPRISE
ASSOCIATION
OF
STEAMFITTERS
LOCAL 638'S
ANSWER TO AMENDED
COMPLAINT

Defendant    **ENTERPRISE ASSOCIATION OF STEAMFITTERS LOCAL UNION 638,** (the "Union" or "Local 638"), by their attorney Richard S. Brook, as and for its Answer to the Amended Complaint of Plaintiff, **TIME SQUARE CONSTRUCTION, INC.** in the above matter alleges as follows:

### Nature of the Action

1.    Denies the allegations set forth in Paragraph 1 of the Amended Complaint except avers that Plaintiff, Time Square Construction, Inc. ("Time Square" or "Plaintiff") invokes Section 303 of the Labor Management Relations Act of 1947, 29 U.S.C. §187 ("Section 303") to bring this action.

### Jurisdiction and Venue

2.    The allegations set forth in Paragraph 2 of the Amended Complaint constitute conclusions of law to which no response is required.

3.    The allegations set forth in Paragraph 3 of the Amended Complaint constitute conclusions of law to which no response is required.

### THE PARTIES

4.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Amended Complaint.

5.    Admits the allegations set forth in Paragraph 5 of the Amended Complaint.

6.    Admits the allegations set forth in Paragraph 6 of the Amended Complaint.

7.    Admits the allegations set forth in Paragraph 7 of the Amended Complaint.

8.    Admits the allegations set forth in Paragraph 8 of the Amended Complaint.

9.    Admits the allegations set forth in Paragraph 9 of the Amended Complaint.

10.     Admits the allegations set forth in Paragraph 10 of the Amended Complaint.

11.     Admits the allegations set forth in Paragraph 11 of the Amended Complaint.

12.     Admits the allegations set forth in Paragraph 12 of the Amended Complaint.

13.     Admits the allegations set forth in Paragraph 13 of the Amended Complaint.

14.     Admits the allegations set forth in Paragraph 14 of the Amended Complaint.

15.     Admits the allegations set forth in Paragraph 15 of the Amended Complaint.

16.     Admits the allegations set forth in Paragraph 16 of the Amended Complaint.

17.     Admits the allegations set forth in Paragraph 17 of the Amended Complaint.

18.     Admits the allegations set forth in Paragraph 18 of the Amended Complaint.

### FACTS

19.     Admits the allegations set forth in Paragraph 19 of the Amended Complaint.

20.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Amended Complaint, except admits the allegations of Paragraph 20 of the Complaint with regard to Bay Ridge Mechanical Corp. ("Bay Ridge Mechanical").

21.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Amended Complaint.

22.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Amended Complaint.

23.     Admits the allegations set forth in Paragraph 23 of the Amended Complaint.

24.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Amended Complaint.

25.    Denies the allegations set forth in Paragraph 25 of the Amended Complaint.

26.    Denies the allegations set forth in Paragraph 26 of the Amended Complaint.

27.    Denies the allegations set forth in Paragraph 27 of the Amended Complaint.

28.    Denies the allegations set forth in Paragraph 28 of the Amended Complaint, except admits that Local 638 sent a letter to Bay Ridge Mechanical to confirm that Bay Ridge Mechanical did not pay the area standard for sprinkler work.

29.    Denies the allegations set forth in Paragraph 29 of the Amended Complaint.

30.    Admits the allegations set forth in Paragraph 30 of the Amended Complaint except denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding letters sent to entities other than Local 638.

31.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Amended Complaint.

32.    Denies the allegations set forth in Paragraph 32 of the Amended Complaint except avers that Local 638 lawfully handed out handbills protesting Bay Ridge Mechanical's payment of wages and benefits that are not as good as the area standard for sprinkler work at both entrances of the Eighth Avenue Jobsite ("Project" or "Jobsite").

33.    Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Amended Complaint except avers that Local 638 discontinued handbilling at the Jobsite in question and avers that it distributed said handbills at numerous other locations.

34.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Amended Complaint.

35.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Amended Complaint.

36.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of the Amended Complaint.

37.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Amended Complaint.

38.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of the Amended Complaint.

39.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of the Amended Complaint.

40.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of the Amended Complaint.

41.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of the Amended Complaint.

42.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Amended Complaint.

43   Denies the allegations set forth in Paragraph 43 of the Amended Complaint as to Local 638, denies that Local 638 engaged in any picketing at the Jobsite, and denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 43 of the Amended Complaint.

5

44.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Amended Complaint.

45.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Amended Complaint.

46.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Amended Complaint.

47.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Amended Complaint.

48.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Amended Complaint.

49.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Amended Complaint.

50.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Amended Complaint.

51.     Denies the allegations set forth in Paragraph 51 of the Amended Complaint.

52.     Denies the allegations set forth in Paragraph 52 of the Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

53.     The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

54.    Local 638 engaged in limited, lawful area standards handbilling at the Jobsite, which was not in violation of either Section 8(b)(4)(B) or Section 8(b)(4)(D) of the National Labor Relations Act of 1935, 29 U.S.C. §158 (b)(4)(B)(D) ("NLRA") and thus did not violate Section 303.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

55.    Without conceding that any unlawful action was taken and/or any unlawful statements were made, any actions taken and/or statements made by Local 638 with regard to the Project that are complained of by Plaintiff in the Complaint are protected by the Freedom of Speech and/or Freedom of Assembly provisions of the bill of Rights of the United States Constitution as well as other federal and state laws and therefore Plaintiff fails to state a claim upon which relief can be granted and/or the Court lacks subject matter jurisdiction.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

56.    Local 638 did not engage in the conduct or make statements as set forth in the Complaint in violation of 29 U.S.C. §§158(b)(4)(i)(ii)(B), 29 U.S.C. §158(b)(4)(i)(ii)(D), 29 U.S.C. §187, or of any other federal or state law as alleged in the Complaint and therefore the Plaintiff fails to state a claim upon which relief can be granted and/or the Court lacks subject matter jurisdiction.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

57.    Without conceding that any unlawful action was taken and/or that any unlawful statements were made, the actions taken and/or statements made that

are complained of by Plaintiff were not undertaken or made by officers    or

agents of or ratified by Local 638. Therefore, the Plaintiff, in whole or in

part, fails to state a claim upon which relief can be granted and/or the Court

lacks subject matter jurisdiction.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

58.    A Section 303 action is improper as to Local 638 because the alleged unlawful

activity was not conducted by or ratified by Local 638.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

59.    The Complaint complains of various acts and statements by several

defendants, but fails to allege which specific acts or statements were

allegedly engaged in or made by Local 638. Therefore, the Complaint fails

to adequately state a claim against Local 638.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

60.    Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver,

estoppel, and/or unclean hands.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

61.    Plaintiff engaged in a pattern of conduct to mislead and entrap Local 638

with the objective of seeking to create the illusion of unlawful secondary

activity.

62.    Plaintiff's misconduct includes seeking out Local 638 and soliciting the aid

of Local 638 in connection with another project and in intentionally

misleading Local 638 into thinking that Plaintiff had not decided if it would

use a contractor for sprinkler work at the Project in question that paid the

area standard wages and benefits for such work, when it had secretly awarded

such work to Bay Ridge Mechanical.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

63.    Plaintiff failed to allege a causal connection between the alleged unlawful

activity engaged in by Local 638 and the injury claimed.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

64.    Plaintiff failed to set forth the actual loss upon which compensatory

damages can be calculated.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

65.    Plaintiff failed to mitigate any damages allegedly sustained because of

Local 638.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

66.    The relief sought in the Complaint is overly broad as against Local 638 and

damages cannot be attributed to Local 638.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

67.    Without conceding that any unlawful action was taken and/or that any

unlawful statements were made, to the extent that Plaintiff was damaged by

any actions and/or statements alleged in the Complaint, such damage and

purported wrongful actions and/or statements, in whole or in part, are not the

responsibility of Local 638 or any of its duly authorized agents. Therefore, the

Complaint fails to state a claim upon which relief can be granted and/or the

Court lacks subject matter jurisdiction.

**WHEREFORE**, Defendant Union respectfully requests that the Complaint herein be dismissed in its entirety, with prejudice.

Dated: Mineola, New York
February 13, 2008

Respectfully submitted:

LAW OFFICE OF RICHARD S. BROOK
By:

_____
Richard S. Brook, Esq.
RSB3687
Attorneys for Defendant
Enterprise Association of Steamfitters
Local Union 638 of the United Association
114 Old Country Road, Suite 250
Mineola, New York 11501
(516) 741-8400

Of Counsel:
Richard S. Brook
Patricia E. Palmeri

## CERTIFICATE OF SERVICE

<u>Index No.: 07-CV-7403 (RJS)(DCF)</u>

The undersigned attorney hereby certifies that one copy of the within Answer to the Amended Complaint on behalf of Defendant Enterprise Association Steamfitters Local 638 was served this day by depositing a true copy thereof in a post paid wrapper, marked First Class Mail, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

Joel E. Cohen, Esq.
McDermott, Will & Emery, LLP
340 Madison Avenue
New York, NY 10178
Counsel for Plaintiff

Carol O'Rourke Pennington, Esq.
Colleran, O'Hara & Mills, LLP
1225 Franklin Avenue, Suite 450
Garden City, New York 11530
Counsel for Defendant
Building & Construction Trades Council of Greater New York

Bruce J. Cooper, Esq.
Michael J. D'Angelo, Esq.
Pitta & Dreier, LLP
499 Park Avenue
New York, New York 10022
Counsel for Defendant
Cement & Concrete Workers Local 20 of the Laborers International
Union of North America

Gary Rothman, Esq.
O'Dwyer & Bernstein, LLP
52 Duane Street, 5th Floor
New York, New York 10007
Counsel for Defendants
Carpenters Local 608 and District Council of NYC and Vicinity Carpenters

Richard H. Markowitz, Esq.
Markowitz & Richman
121 S. Broad Street
Philadelphia, PA 19107
Counsel for Defendant
Local 46 Metal Lathers Union of the International Ass'n. of Iron Workers

James M. Steinberg, Esq.
Brady, McGuire & Steinberg, PC
603 Warburton Avenue
Hastings-on-Hudson, New York 10706
Counsel for Defendants
Int. Union of Operating Engineers Locals 14-14B and 15D

Lowell G. Peterson, Esq.
Meyer, Suozzi, English & Klein, PC
1350 Broadway, Suite 501
New York, New York 10018
Counsel for Defendants
Laborers Local 79 and Mason Tenders Dist. Council of NY

Norman Rothfeld, Esq.
276 Fifth Avenue, Suite 806
New York, New York 10001
Counsel for Defendant
Local Union 3, International Brotherhood of Electrical Workers

Bruce S. Levine, Esq.
Cohen Weiss & Simon, LLP
330 W 42nd Street, 25th Floor
New York, New York 10036
Counsel for Defendant
Teamsters Local 282 a/w IBT, AFL-CIO

Jane Lauer-Barker
Pitta & Dreier, LLP
499 Park Avenue
New York, New York 10022
Counsel for Defendant
Plumbers Local 1

Concrete Workers Local 18 A Laborers
4235 Katonah Avenue
Bronx, New York 10470

Richard S. Brook (RSB3687)

Dated: Mineola, New York
February 13, 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
TIME SQUARE CONSTRUCTION, INC.

        Plaintiff,

          v.

BUILDING AND CONSTRUCTION TRADES
COUNCIL OF GREATER NEW YORK, ENTERPRISE
ASSOCIATION OF STEAMFITTERS LOCAL 638
OF THE UNITED ASSOCIATION, et al.

        Defendants.

-------------------------------------------------------------------------X

VIA ECF

07-CV-7403(RJS)(DCF)


### ENTERPRISE ASSOCIATION STEAMFITTERS LOCAL 638'S
### <u>ANSWER TO AMENDED COMPLAINT</u>


LAW OFFICE
OF
**RICHARD S. BROOK**
114 OLD COUNTRY ROAD
SUITE 250
MINEOLA, NEW YORK 11501
——
(516) 741-8400
® 54