UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
TIME SQUARE CONSTRUCTION, INC.,      :
                               Plaintiff,      :
                -against-      :     07 Civ. 7403 (RJS)

BUILDING AND CONSTRUCTION TRADES      :
COUNCIL OF GREATER NEW YORK,      :
ENTERPRISE ASSOCIATION OF STEAMFITTERS      :     **ANSWER OF CEMENT &**
LOCAL 638 OF THE UNITED ASSOCIATION,      :     **CONCRETE WORKERS**
CEMENT AND CONCRETE WORKERS LOCAL 20      :     **DISTRICT COUNCIL OF**
OF THE LABORERS INTERNATIONAL UNION OF      :     **THE LABORERS**
NORTH AMERICA, UNITED BROTHERHOOD OF      :     **INTERNATIONAL UNION**
CARPENTERS & JOINERS OF AMERICA LOCAL      :     **OF NORTH AMERICA TO**
608, LOCAL #46 METALLIC LATHERS UNION      :     **THE AMENDED**
AND REINFORCING IRONWORKERS OF NEW      :     **COMPLAINT**
YORK AND VICINITY OF THE INTERNATIONAL      :
ASSOCIATION OF BRIDGE, STRUCTURAL,      :
ORNAMENTAL AND REINFORCING IRON      :
WORKERS, INTERNATIONAL UNION OF      :
OPERATING ENGINEERS LOCAL 14-14B,      :
INTERNATIONAL UNION OF OPERATING      :
ENGINEERS, LOCAL 15D, AFFILIATED WITH      :
THE AFL-CIO, LABORERS LOCAL 79, A      :
CONSTITUENT LOCAL UNION OF THE MASON      :
TENDERS DISTRICT COUNCIL OF GREATER      :
NEW YORK, AFFILIATED WITH LABORERS      :
INTERNATIONAL UNION OF NORTH AMERICA,      :
MASON TENDERS DISTRICT COUNCIL OF      :
GREATER NEW YORK, DISTRICT COUNCIL OF      :
NEW YORK CITY AND VICINITY OF THE      :
UNITED BROTHERHOOD OF CARPENTERS,      :
JOINERS OF AMERICA, AFL-CIO AND LOCAL 3,      :
INTERNATIONAL BROTHERHOOD OF      :
ELECTRICAL WORKERS AND TEAMSTERS      :
LOCAL 282 A/W INTERNATIONAL      :
BROTHERHOOD OF TEAMSTERS, AFL-CIO,      :
PLUMBERS AND GASFITTERS LOCAL UNION      :
NO. 1 AND CEMENT AND CONCRETE WORKERS      :
LOCAL 18A OF THE LABORERS      :
INTERNATIONAL UNION OF NORTH AMERICA,      :
                               Defendants.      :
------------------------------------------------------------------ x

{00320221.DOC;}

Defendant, Cement & Concrete Workers District Council of the laborers International Union of North America s/h/a Cement and Concrete Workers Local 20 of the Laborers International Union of North America and Cement and Concrete Workers Local 18A of the Laborers International Union of North America (collectively the "District Council"), by its attorneys Pitta & Dreier, LLP, hereby answers the amended complaint as follows:

## NATURE OF THIS ACTION

1. Denies each and every allegation of paragraph 1 of the amended complaint, except admits that Plaintiff alleges that this action is brought pursuant to Section 303 of the Labor Management Relations Act of 1947, 29 U.S.C. § 187 (the "LMRA").

## JURISDICTION AND VENUE

2. Admits that plaintiff alleges that this court has jurisdiction under LRMA, except denies that plaintiff has a valid claim against the District Council.

3. Admits that the venue of this Court is proper, except denies that the District Council committed any acts in violation of the LMRA.

## THE PARTIES

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the amended complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the amended complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the amended complaint.

7. Admits the allegations of paragraph 7 of the amended complaint,

8. Admits the allegations of paragraph 8 of the amended complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the amended complaint.
10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the amended complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the amended complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the amended complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the amended complaint.

12. Denies knowledge or information sufficient to form a belief as the truth of the allegations of paragraph 12 of the amended complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the amended complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the amended complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the amended complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the amended complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the amended complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18 of the amended complaint.

## FACTS

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 of the amended complaint.

{00320221.DOC;}

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the amended complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the amended complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the amended complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23 of the amended complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the amended complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the amended complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the amended complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the amended complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the amended complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the amended complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the amended complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the amended complaint.

{00320221.DOC;}

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the amended complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the amended complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the amended complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the amended complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the amended complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the amended complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the amended complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the amended complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the amended complaint.

41. Denies each and every allegation of paragraph 41 of the amended complaint.

42. Denies each and every allegation of paragraph 42 of the amended complaint.

43. Denies each and every allegation of paragraph 43 of the amended complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44 of the amended complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the amended complaint.

46. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the amended complaint.

47. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47 of the amended complaint.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 48 of the amended complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 of the amended complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50 of the amended complaint.

51. Denies each and every allegation of paragraph 51 of the amended complaint.

52. Denies each and every allegation of paragraph 52 of the amended complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

53. The amended complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

54. The District Council by its officers, agents, or members did not direct, authorize, induce, or encourage its members to engage in the complained of activity.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

55. The District Council by its officers, agents, or members did not sanction or ratify any of the complained of activity.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

56. The Court lacks subject matter jurisdiction over this matter because the dispute that plaintiff complains of herein is subject to the grievance and arbitration provisions of the collective bargaining agreement between the District Council and Navillus Tile/Contracting, Inc. to which Plaintiff is bound because it is the alter ego of, or joint or single employer with, Navillus.

**WHEREFORE,** Defendant, Cement & Concrete Workers District Council of the Laborers International Union of North America s/h/a Cement and Concrete Workers Local 20 of the Laborers International Union of North America and Cement and Concrete Workers Local 18A of the Laborers International Union of North America, respectfully requests that the amended complaint be dismissed in its entirety, and that it be awarded its reasonable costs including attorneys fees, incurred in defending this action, and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
       February  , 2008

Respectfully submitted,

PITTA & DREIER, LLP

By: _____
Bruce J. Cooper (BC 2764)
Attorneys for Defendant *Cement & Concrete Workers District Council of the Laborers International Union of North America s/h/a Cement and Concrete Workers Local 20 of the Laborers International Union of North America and Cement and Concrete Workers Local 18A of the Laborers International Union of North America*
499 Park Avenue, 15th Floor
New York, New York 10022
(212) 652 - 3890
(212) 652 - 3891

Of counsel:
Michael J. D'Angelo (MD 3030)

{00320221.DOC;}

**TO:**  Jane Lauer-Barker, Esq.
Pitta & Dreier
Attorney for Defendant, Plumbers Local Union No. 1
499 Park Avenue
New York, New York 10022

**Richard S. Brook, Esq.**
Law Offices of Richard S. Brook
Attorneys for Enterprise Association of Steamfitters Local 638
114 Old Country Road, Suite 250
Mineola, New York 11501

**Joel Emmet Cohen, Esq.**
McDermott, Will & Emery, LLP
Attorneys for Plaintiff Times Square Construction
340 Madison Avenue
New York, New York 10017

**Bruce Steven Levine**
Cohen, Weiss and Simon LLP
Attorneys for Teamsters Local 282 A/W International Brotherhood of Teamsters, AFL-CIO
330 West 42nd Street
New York, New York 10036

**Richard H. Markowitz, Esq.**
Markowitz and Richman
Attorneys for Local No. 46 Metallic Lathers Union & Joiners Local 608 and District Council
121 S. Broad Street
Philadelphia, PA 19107

**Carol L. O'Rourke Pennington, Esq.**
Colleran, O'Hara & Mills LLP
Attorneys for Defendant Building and Construction Trades Council of Greater New York
1225 Franklin Avenue, Suite 450
Garden City, New York 11530

**Lowell Peterson, Esq.**
Myer, Suozzi, English & Klein, P.C.
Attorneys for Mason Tenders' District Council of Greater New York and Laborers' Local 79
1350 Broadway, Suite 501
New York, New York 10018

**Norman Rothfeld, Esq.**
Attorneys for I.B.E.W. Local Union 3
276 Fifth Avenue, Suite 806
New York, New York 10001

**Gary Rothman, Esq.**
O'Dwyer & Bernstein, LLP
Attorneys for United brotherhood of Carpenter & Joiners Local 608 and District Council
62 Duane Street, 5th Floor
New York, New York 10007

**James M. Steinberg, Esq.**
Brady McGuire & Steinberg, P.C.
Attorneys for Defendant International Union of Operating Engineers Local 15D and Local 14-14B
603 Warburton Avenue
Hastings-on-Hudson, New York 10706