PITTA & DREIER LLP
499 Park Avenue
New York, New York 10022
(212) 652-3890
VINCENT F. PITTA (VP 1435)
JANE LAUER BARKER (JB 5436)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TIME SQUARE CONSTRUCTION, INC., <br><br> **Plaintiff,** <br><br> v. <br><br> BUILDING AND CONSTRUCTION TRADES COUNCIL OF GREATER NEW YORK, et al., <br><br> **Defendants.** | 07 CV 7403 (RJS) (DCF) <br><br> ANSWER OF LOCAL UNION NO. 1 OF THE UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPE FITTING INDUSTRY OF THE UNITED STATES AND CANADA TO AMENDED COMPLAINT |

Defendant, Local Union No. 1 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada ("Local 1"), sued herein as Plumbers and Gasfitters Local Union No. 1, by its attorneys, Pitta & Dreier LLP, hereby answers the amended complaint and avers as follows:

1. Denies each and every allegation in paragraph 1 of the amended complaint, except admits that plaintiff purports to bring this action pursuant to Section 303 of the Labor Management Relations Act of 1947, 29 U.S. C. § 187.

2. Neither admits nor denies the allegations in paragraph 2 of the amended complaint as they constitute an attempt to state a conclusion of law to which no response is required.

3.  Neither admits nor denies the allegations in paragraph 3 of the amended complaint as they constitute an attempt to state a conclusion of law to which no response is required.

4.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 of the amended complaint.

5.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5 of the amended complaint.

6.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the amended complaint.

7.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 of the amended complaint,

8.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8 of the amended complaint.

9.  Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9 of the amended complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10 of the amended complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 of the amended complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12 of the amended complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 13 of the amended complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 of the amended complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15 of the amended complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 of the amended complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17 of the amended complaint.

18. Admits the allegations in paragraph 18 of the amended complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19 of the amended complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20 of the amended complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21 of the amended complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22 of the amended complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23 of the amended complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24 of the amended complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 25 of the amended complaint.

26. Denies each and every allegation in paragraph 26 of the amended complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 27 of the amended complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 28 of the amended complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29 of the amended complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 30 of the amended complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 31 of the amended complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 32 of the amended complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 33 of the amended complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 34 of the amended complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 35 of the amended complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 36 of the amended complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 37 of the amended complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 38 of the amended complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 39 of the amended complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 40 of the amended complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 41 of the amended complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 42 of the amended complaint.

43. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 43 of the amended complaint.

44. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 44 of the amended complaint.

45. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 45 of the amended complaint.

46. Denies each and every allegation in paragraph 46 of the amended complaint, except admits that a representative of Local 1 visited the Jobsite and spoke with Fergal Conefrey.

47. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 47 of the amended complaint, except denies that Bay Ridge employees stopped working at the Jobsite.

48. Denies each and every allegation in paragraph 48 of the amended complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 49 of the amended complaint, except denies that a Local 1 representative stopped a driver making a concrete delivery to the Jobsite and told him not to make the delivery.

50. Denies each and every allegation in paragraph 50 of the amended complaint.

51. Denies each and every allegation in paragraph 51 of the amended complaint.

52. Denies each and every allegation in paragraph 52 of the amended complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

53. The amended complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

54. Local 1 by its officers, agents, and members did not conduct, direct, authorize, induce, or encourage any alleged unlawful activity.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

55. Local 1 by its officers, agents, and members did not sanction or ratify any alleged unlawful activity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

56. The court lacks subject matter jurisdiction over the allegations of the amended complaint against Local 1.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

57. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, estoppel, and/or unclean hands.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

58.     Plaintiff failed to mitigate any losses allegedly sustained by any alleged unlawful activity.

**WHEREFORE,** Defendant, Local Union No. 1 of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada, sued herein as Plumbers and Gasfitters Local Union No. 1, demands judgment:

(a)     Dismissing the amended complaint in its entirety;

(b)     Awarding costs, including reasonable attorney's fees, incurred in defending this action; and

(c)     Such other and further relief as the Court deems just and proper.

Dated: February 25, 2008

Respectfully Submitted,

PITTA & DREIER LLP
*Attorneys for Defendant Local 1*

By: _____
Jane Lauer Barker (JB 5436)
499 Park Avenue
New York, NY  10022
(212) 652-3890

{00330107.DOC;}                                7