UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TIME SQUARE CONSTRUCTION, INC.,

                      Plaintiff,           07 Civ. 7403 (RJS) (DF)

    -against-                              **PROTECTIVE ORDER**

BCTC, et al.,

                      Defendants.
------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

       The parties to this action having appeared before the Court on May 15, 2008, for a case management conference; and the Court having heard from counsel at that time that the parties had been unable to agree to the terms of a confidentiality stipulation to protect against the unrestricted disclosure of certain discoverable information in plaintiff's possession, custody or control, claimed by plaintiff to be confidential; and, at the Court's direction, plaintiff having moved this Court, by letter dated May 27, 2008, for the issuance of a protective order; and the Court having received and reviewed numerous letters from defendants in opposition to the motion, as well as a letter from plaintiff in reply; and the Court having requested that plaintiff submit a further reply to address one issue raised by one of the defendants, and plaintiff having done so; and the Court having considered the arguments made by all parties with respect to plaintiff's motion; it is hereby ORDERED, pursuant to Fed. R. Civ. P. Rule 26(c), as follows:

       1.     As used herein, the term "Confidential Material" shall refer to material to be produced by plaintiff in discovery, consisting of:

    a. documents generated or communications made since January 1, 2005, to the extent such documents or communications contain

      i. financial, accounting, or budgeting information;

      ii. contract, proposal and/or bid terms or pricing;

      iii. employee compensation or personal information; and

    b. submissions made since January 1, 2005, to the National Labor Relations Board.

2. Any information described in paragraph 1, above, shall not be considered "Confidential Material" to the extent that it is obtained by defendants from sources other than plaintiff or is otherwise publicly available.

3. All Confidential Material produced by plaintiff shall be prominently marked as "CONFIDENTIAL" by plaintiff prior to production. Where a document contains Confidential Material only in part, only the confidential portion of the document shall be marked as "CONFIDENTIAL." To the extent the contents of Confidential Material are revealed in interrogatory responses or in any other forms of discovery material, the specific portions of such responses or other discovery material that is subject to protection under this Order shall be as marked "CONFIDENTIAL."

4. Deposition testimony concerning Confidential Material that reveals the contents of such material shall itself be deemed "Confidential Material" within the meaning of this Protective Order. If plaintiff wishes to maintain the confidentiality of a deposition transcript, it shall so inform all defendants either on the record of the deposition or in writing, and defendants shall then treat the entire transcript as "Confidential Material" pending their receipt of more

particularized confidentiality designations from plaintiff. Plaintiff shall have ten (10) business days from its receipt (by any means, including electronic) of the deposition transcript to make its specific confidentiality designations. Once the specific confidentiality designations are made, the party that conducted the deposition shall arrange with the court reporter to bind the confidential portions of the transcript separately, with a cover page prominently marked "CONFIDENTIAL."

5.    During all pre-trial proceedings in this action, all Confidential Material produced in discovery shall be subject to the following restrictions:

    a.    Such material shall be used only for the purposes of this litigation and not for any business or other purpose whatsoever.

    b.    Such material shall not be given, shown, made available, discussed or otherwise communicated in any way to anyone other than:

        i.    the Court and its employees, court reporters, and stenographers at depositions;

        ii.    the attorneys of record for the parties in this action, their associated attorneys, and the employees of such attorneys to whom it is necessary that the material be shown for purposes of the litigation;

        iii.    other counsel, including inside counsel, of any party, to the extent such counsel are working on the case;

        iv.    independent accountants, statisticians, economists, engineers or other independent experts retained by the attorneys of record for any party to assist in the preparation of this case for trial;

v.  deponents at depositions in this case;

vi.  such party or parties, or directors, officers and employees of such party or parties who are assisting in the preparation of this case for trial and to whom, in the opinion of the attorney in charge of the case, it is necessary to the preparation of the case that such material be shown; and

vii.  any witnesses identified by the parties in their discovery responses as having personal knowledge of facts underlying this action.

c.  The restrictions regarding the use of Confidential Material set forth in paragraphs 5(a) and (b), above, shall only apply to the non-producing parties, *i.e.*, defendants.

6.  Before any defendant makes any disclosure of Confidential Material to a person listed in paragraph 5(b) above (other than to the Court or its employees, court reporters, or stenographers at depositions), defendant's counsel shall provide each such person with a copy of this Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Material for any purpose other than in connection with the defense of this case and not to disclose the Confidential Material except in testimony taken in this case. The signed consent shall be retained by the disclosing party and a copy shall be furnished to plaintiff upon request.

7.  To the extent plaintiff produces Confidential Material in discovery without marking that material "CONFIDENTIAL," plaintiff may, at a later time during discovery proceedings, re-designate the material as "CONFIDENTIAL" by producing another copy, clearly marked as "CONFIDENTIAL," and by explicitly informing defendants' counsel of the

re-designation. Any such re-designation shall be effective only as of the date of the re-designation.

8. At any time during pre-trial proceedings in this action, any defendant objecting to the designation of any particular Confidential Material shall advise plaintiff in writing of its objection and the basis of the objection. The parties shall then promptly and in good faith attempt to resolve any such objection. If, however, the parties are unable to resolve their dispute, then the objecting party shall, within ten (10) business days of the written objection, submit the dispute to the Court. The party making the objection to the "CONFIDENTIAL" designation shall be required to specify precisely what documents or information is at issue, and shall set forth, with particularity, the basis of its objection, but the ultimate burden of persuading the Court that the documents are properly designated as "Confidential Material" and are entitled to confidentiality protection shall rest with plaintiff. While such an application is pending before the Court, the material in question shall continue to be treated as Confidential Material under the terms of this Protective Order. No defendant to this action shall be required to challenge the designation of any material marked by plaintiff as "CONFIDENTIAL" at the time of receipt, disclosure or designation thereof, and a failure to do so shall not preclude a subsequent challenge.

9. If any party wishes to file with the Court any paper that incorporates Confidential Material or reveals the contents thereof, the filed paper shall be redacted so as to omit the Confidential Material or its contents. In addition, an unredacted copy of the paper shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

**CONFIDENTIAL**
This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court, the Southern District of New York, in the above-captioned action. This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

10. If plaintiff wishes to maintain the confidentiality of any documents or information during the trial of this action, plaintiff shall make a separate application to the trial Court (Judge Sullivan).

11. Within sixty (60) days of the final conclusion of this litigation, all originals and copies of any Confidential Material produced by plaintiff pursuant to this Protective Order shall be returned to plaintiff's counsel, or certified by defendants' counsel to have been destroyed. Unless this Protective Order is superseded by a further Order of the Court, all Confidential Material produced in this action shall remain subject to the terms of this Protective Order until such material is returned to plaintiff's counsel or destroyed.

12. Nothing herein shall bar or otherwise restrict any attorney appearing in this case from rendering advice to his or her client with respect to this litigation and, in the course thereof, from referring to or relying generally upon his or her examination of materials produced in this action.

13. To the extent any of the parties to this action have previously entered into any agreements to maintain the confidentiality of materials now covered by this Protective Order, the

obligations incurred under any such agreements are not altered or suspended, except as modified herein.

14.     During the discovery process, any party, including any defendant, may identify additional material, not described in paragraph 1, above, that it considers confidential and appropriately subject to confidentiality protection.  If this should occur, then the party or parties seeking additional confidentiality protection may request that the Court expand the scope of this Protective Order.  Prior to making any such application to the Court, however, the parties are directed to confer in good faith and to make best efforts to arrive at a mutually acceptable stipulation to resolve the issue.

Dated:  New York, New York
        June 11, 2008

                                        SO ORDERED

                                        _____
                                        DEBRA FREEMAN
                                        United States Magistrate Judge

Copies to:

All counsel (via ECF)

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
TIME SQUARE CONSTRUCTION, INC.,                                   :
                                                                  :
                          Plaintiff,                              :    07 Civ. 7403 (RJS) (DF)
                                                                  :
           -against-                                              :    **PROTECTIVE ORDER**
                                                                  :
BCTC, et al.,                                                     :
                                                                  :
                          Defendants.                             :
------------------------------------------------------------------X

<u>CONFIDENTIALITY AGREEMENT</u>

I acknowledge that I have read and understand the Protective Order entered by the Court in this action and I agree to abide by its terms and conditions. I also understand that any violation of said Order by me or anyone acting under my direction will subject me to appropriate penalties.

Dated:

_____
Signature


_____
Name (printed)

- 8 -